IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                          **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                                 **DEFENDANT**

## ORDER

This is a slip-and-fall case. Plaintiff alleges that she slipped on a puddle of water in Defendant's store in Hattiesburg, Mississippi, and injured herself. On June 7, 2016, the Court entered a Case Management Order [10], which set October 3, 2016, as Plaintiffs' expert designation deadline. On October 4, 2016, upon the parties' agreed motion [35], the Court ordered [36] Plaintiffs to identify their experts by October 7, 2016, and to designate them by November 3, 2016.

On October 11, 2016 – four days after the deadline set by the Court – Plaintiffs identified their experts, including Stokes & Associates, Inc., who Plaintiffs represented would provide a life care plan. On November 16, 2016 – almost two weeks after Plaintiffs' expert designation deadline – Plaintiff provided Defendant with a life care plan prepared by Lacy Sapp of Stokes & Associates.

One week later, Defendant filed a Motion to Strike and Exclude [44] all testimony and opinions by Sapp and/or Stokes & Associates. Alternatively, Defendant argues that the Court should extend its designation deadline and continue the trial of this matter. For the reasons below, the Court **grants the motion in part and denies it in part**. The Court denies the motion to the extent Defendant seeks exclusion of

Sapp's testimony. The Court grants the motion insofar as Defendant seeks an extension of relevant deadlines.

## A.  *Timeliness*

First, Defendant argues that the Court should exclude the testimony because it was not timely disclosed. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

The Court will assume, for purposes of addressing the current motion, that the first factor weighs in favor of excluding the expert testimony.

The second factor weighs against excluding the testimony. Sapp's testimony is important insofar as it relates to the amount of Plaintiff's damages. *See, e.g. Emerald*

*Coast Finest Produce Co. v. Sunrise Fresh Produce, LLC*, No. 2:14-CV-166-KS-MTP, 2016 U.S. Dist. LEXIS 57403, at *7 (S.D. Miss. Apr. 29, 2016).

The third and fourth factors collectively weigh against excluding testimony. The pretrial conference in this matter is set for May 18, 2017, and the trial is set for a term beginning on June 5, 2017. There is time to remedy whatever prejudice might have accrued to Defendant by Plaintiffs' slight delay in designating Sapp. Accordingly, the Court declines to exclude Sapp's testimony on the basis of untimeliness.

### B.     *Sufficiency of Designation*

Next, Defendant argues that Sapp's designation is insufficient because it does not contain a variety of information required by Rule 26 and Local Rule 26. Assuming that Defendant is correct, there is time for Plaintiff to cure the alleged deficiencies, as noted above.

### C.     **Daubert** *Issues*

Finally, Defendant offered arguments similar to those typically presented in a *Daubert* motion. Among other things, Defendant contends that Sapp's opinions are unreliable, based on insufficient data, and speculative. As the Court intends to extend the relevant deadlines and permit Plaintiff to supplement its designation, it presently declines to address these arguments. If Defendant still believes it necessary to do so, it may present them again with its dispositive motions after discovery has closed.

### E.     *Conclusion*

The Court **grants the motion in part and denies it in part**. The Court denies the motion to the extent Defendant seeks exclusion of Sapp's testimony. The Court

grants the motion insofar as Defendant seeks an extension of relevant deadlines. The parties shall immediately contact the chambers of the Magistrate Judge to schedule a teleconference regarding the modifications to the scheduling order.

SO ORDERED AND ADJUDGED, on this, the 12th day of December, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE