**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DR. DEBRA L. WALKER and PRENTISS**                          **PLAINTIFFS**
**WALKER, her husband,**

**VS.**                                                                 **CAUSE NO.: 2:16cv42-KS-MTP**

**TARGET CORPORATION, d/b/a**
**TARGET**                                                                                 **DEFENDANT**

**ITEMIZATION OF UNDISPUTED FACTS IN SUPPORT OF TARGET
CORPORATION d/b/a TARGET'S
MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

      **COMES NOW,** Defendant, Target Corporation d/b/a Target ("Target") and files this, its Itemization of Undisputed Facts in Support of its Motion for Summary Judgment:

      1.      Plaintiff, Debra L. Walker, Ph.D., ("Dr. Walker"), and her father, Lindell Kincade ("Kincade"), went to the Target located in Hattiesburg, Mississippi on July 24, 2014. See Complaint [Doc. 1] at ¶5.

      2.      After entering the store, Dr. Walker and her father walked through the "PFresh" section of the store, to include aisle G6. (Ex. A, Walker Depo at 165) During this initial walk down aisle G6, Walker engaged in friendly conversation with Arnold Lynch, a Target employee. (Ex. B, Lynch Depo at 27). Mr. Lynch was stocking items (yogurt or protein drinks) from a "3-tier" stocking cart. (Ex. C, Lynch Depo at 51; see also, Ex. D, Diagram of stocking cart).

      3.      According to Dr. Walker, there was no water on the floor on aisle G6 when she initially passed through the area. (Ex. A, Walker Depo at 165) Dr. Walker and her father then left the "PFresh" section of the store. *Id.*

4.  While Dr. Walker and her father were gone, but within ten (10) minutes of their return and Dr. Walker's fall, Nicholas Field, another Target employee that was on duty at all times relevant, walked aisle G6 with a lookout for anything that could render the aisle unsafe for store patrons, and found no debris or liquid on the floor. *See* Ex. E, Affidavit of Nicholas Field at ¶11.

5.  Between the time that Field inspected the aisle and Dr. Walker and her father returned to the area, several customers walked down aisle G6. *Id*. at ¶12.

6.  When Dr. Walker and her father, who was pushing the shopping buggy, returned to aisle G6, Arnold Lynch was there stocking refrigerated items from the same 3-tier cart.

7.  Dr. Walker's father gave a leaky milk jug to Lynch, who in turn left the area to take the leaky milk jug to the back of the store.  (Ex. F, Kincade Depo at 21)

8.  While Lynch was gone, Dr. Walker and her father continued down aisle G6, with Dr. Walker walking in front of her father and their shopping buggy. *Id*. at 21-22.

9.  After walking several steps past the 3-tier shopping cart, Dr. Walker slipped in a puddle of water which has been characterized as being about the size of a waffle. (Ex. G, Lynch Depo at 55)  The puddle was located beyond where the 3-tier cart was located and near the bread rack intersection. *See* Ex. H, video and Ex. I, photographs.

10.  Dr. Walker conceded during her deposition that she has no knowledge as to how long the puddle had been on the floor. (Ex. A, Walker Depo at 166) Her father testified that they don't know where the water came from. (Ex. J, Kincade Depo at 35)

11.  As a result, Plaintiffs have sued Target, claiming that Target was negligent in that it caused the water on the floor from condensation dripping off of refrigerated items which were negligently placed on a wire frame stocking cart (also known as a 3-tier stocking cart).

Plaintiffs' theory is that Target was negligent for using a cart which allowed dripping and that Target Team Member Arnold Lynch and other Target employees were negligent for failing to warn her of the puddle, and for allowing the water to stay on the floor.

**WHEREFORE, PREMISES CONSIDERED**, Target Corporation d/b/a Target moves this Court for summary judgment on Plaintiffs' claims. Defendant respectfully requests any other relief to which it is entitled, at law or in equity.

**RESPECTFULLY SUBMITTED**, this the 20th[th] day of April, 2017.

> **TARGET CORPORATION**
> **Defendant**
>
> BY:   */s/ John S. Graham*
>        MONTE L. BARTON, JR.
>        JOHN S. GRAHAM

OF COUNSEL:

Monte L. Barton Jr. (MSB #2095)
John S. Graham (MSB #100364)
**JERNIGAN, COPELAND & ANDERSON, PLLC**
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051
Email: mlbarton@jcalawfirm.com
         jgraham@jcalawfirm.com

3

## CERTIFICATE OF SERVICE

I, the undersigned, attorney of record for Defendant, Target Corporation, do hereby certify that I have this day served, via ECF filing system, a true and correct copy of the above and foregoing document to the following counsel of record:

K. Douglas Lee (MSB # 9887)
Lee Law Firm, LLC
628 Churchwell Road
Hattiesburg, MS 39401
Telephone: (601) 583-4447
Facsimile: (601) 450-0152
Email: doug@leelaw.us
Email: doug.lee@leelaw.us
ATTORNEY FOR PLAINTIFF

TIMOTHY M. FARRIS (MSB #8848)
Law Office of Timothy M. Farris, PLLC
6645 Highway 98 Suite 3
Hattiesburg, Mississippi 39402
Telephone (601) 296-1 082
Facsimile (601) 296-1085
Email: tim@timfarrislaw.com
CO-COUNSEL FOR PLAINTIFF

**THIS**, the 20th day of April, 2017.

                                            */s/ John S. Graham*
                                            MONTE L. BARTON, JR.
                                            JOHN S. GRAHAM