**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DR. DEBRA L. WALKER and PRENTISS**          **PLAINTIFFS**
**WALKER, her husband,**

**VS.**          **CAUSE NO.: 2:16cv42-KS-MTP**

**TARGET CORPORATION, d/b/a**
**TARGET**          **DEFENDANT**

---

**TARGET CORPORATION d/b/a TARGET'S
BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
CERTAIN DAMAGE CLAIMS AND AS TO MEDICAL CAUSATION WITH REGARDS
TO THE NEED FOR CERTAIN MEDICAL TREATMENT**

---

**COMES NOW,** Defendant, Target Corporation d/b/a Target ("Target" or "Defendant") and moves the Court for partial summary judgment as to certain damages and as to medical causation with regards to the need for certain medical treatment pursuant to Rule 56 of the Federal Rules of Civil Procedure as there are no genuine issues of material fact and the Defendant is entitled to a judgment as a matter of law. In support of its Motion, Defendant files this Brief and submits as follow:

## INTRODUCTION

This case arises out of a slip and fall in the Hattiesburg, Mississippi Target in which Plaintiff, Dr. Debra L. Walker ("Dr. Walker"), claims to have suffered injury. Plaintiffs filed the instant lawsuit, wherein they contend that Dr. Walker's slip and fall resulted from alleged negligence on the part of Target. Defendant has denied liability for all claims made by Plaintiffs, and denies any causal connection between any injuries Dr. Walker contends to have suffered (other than a minor knee contusion) and the subject incident.

1

As a result of the injuries allegedly sustained by Dr. Walker in the fall at Target, the Plaintiffs have alleged certain damages on which they have produced no probative, admissible evidence.  In particular, the Plaintiffs' claim loss of wages, future wages and loss of earning capacity, as well as particular future medical expenses.  Beyond the Plaintiffs' demand for loss of wages, future wages and loss of wage earning capacity, and certain future medical expenses and Dr. Walker's own self-serving comments regarding same, the Plaintiffs have come forward with no admissible or probative evidence to create a genuine issue of material fact to support these claims.  Because no genuine issues of material fact exist relevant to disposition of wage loss and loss of earnings capacity, as well as certain future medical needs, summary judgment is proper as to these issues.

## STANDARD OF REVIEW

The standard for summary judgment requires that the Court review the facts identified by the movant in order to consider whether there are disputed issues of material fact that should be submitted to the fact-finder.  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keszenheimer v. Reliance Standard Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

"Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non- moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 361 (5th Cir. 1999). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

## ARGUMENT

Dr. Walker is claiming that she can no longer work and is claiming some speculative amount of loss wage earning capacity. It is believed that she will claim to be permanently and totally disabled. However, there is no evidence in the record that Dr. Walker is not capable of working.

Aside from Dr. Walker's own testimony, there is no treating physician or expert that has opined Dr. Walker is incapable of returning to work or how her wage earning capacity would otherwise be diminished.[1] There is no admissible or probative evidence that Dr. Walker cannot return to work other than her testimony. As noted herein, under Mississippi law, "any person [such as Dr. Walker] who is not a hopeless cripple or permanently helpless has some

---

[1] For the reasons set forth in Target's *Daubert* motion with regards to Plaintiffs' life care planning expert, Sapp's opinions relative to whether Dr. Walker can return to work should not be considered, as any such opinions she may have were not disclosed in advance of the Plaintiffs' expert designation deadline and such opinions, to the extent she has any, do not pass muster under *Daubert*, particularly given that Sapp admittedly did not conduct a vocational assessment in this case.

earning capacity." *Walters v. Gilbert*, 158 So. 2d 43, 49 (1963).  Without "the best available evidence" as required by *Potts* to support the claim and degree of impairment, Dr. Walker's claim for loss of earning capacity should be dismissed as too speculative.

In Mississippi, the plaintiff bears the burden of proving the amount of his or her alleged damages by a preponderance of the evidence.  *See, e.g., Holliday v. Pizza Inn, Inc.*, 659 So. 2d 860, 864 (Miss. 1995); *Puckett Machinery Co. v. Edwards*, 641 So.2d 29, 36 (Miss.1994).  The damages must be proved to a reasonable certainty.  *Potts v. Miss. Dept. of Transp.*, 3 So. 3d 810, 813 (Miss. Ct. App. 2009).   "[A] plaintiff is required to place into evidence such proof of damages as the nature of his case permits, with as much accuracy as it reasonably possible for him." *Thomas v. Global Boat Builders & Repairmen Inc.*, 482 So. 2d 1112, 1116 (Miss. 1986). Under Mississippi law, it is well-established the Plaintiffs bear the burden of proving their damages.  *Potts v. Mississippi Dept. of Transp.*, 3 So. 3d 810 (Miss. Ct. App. 2009). Further, "damages cannot be based on mere speculation but must be proved to a reasonable certainty."  *Id.*  Further still, summary judgment is appropriate when a party who bears the burden of proof on an issue has failed to come forward with evidence supporting an element of the claim.  *Celotex Corp. v. Catrett*, 477 U .S. 317, 322 (1986) ("[Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") The Plaintiffs have failed to make a showing of essential elements to support a claim for loss of wage earning capacity and summary judgment is proper.

Regarding medical treatment, a plaintiff is not competent to testify regarding his own medical prognosis and treatment.  *Graves v. Graves*, 531 So. 2d 817, 821-822 (Miss. 1988).

Additionally, there must be substantial, credible evidence to support claim for future medical expenses. *City of Jackson v. Spann*, 4 So. 3d 1029, 1038 (Miss. 2009)(disallowing claim for future medical expenses where expert testified that future surgery was necessary, but no credible evidence as to the expense). "Before a jury may be instructed upon a specific element of damages, there must be some testimony to support that element." *Graves*, 531 So. 2d at 821 (reversible error where trial court allowed jury instructions on future medical expenses and lost wage capacity without evidence of those damages).

### *Loss of Wages, Future Wages and Loss of Wage Earning Capacity*

Dr. Walker is claiming that she can no longer work and is claiming some speculative amount of loss wage earning capacity. It is believed that she will claim to be permanently and totally disabled. However, there is no evidence in the record that Dr. Walker is not capable of working.

Aside from Dr. Walker's own testimony, there is no treating physician or expert that has opined Dr. Walker is incapable of returning to work or how her wage earning capacity would otherwise be diminished. There is no admissible or probative evidence that Dr. Walker cannot return to work other than her testimony. As noted above, under Mississippi law, "any person [such as Dr. Walker] who is not a hopeless cripple or permanently helpless has some earning capacity." *Walters v. Gilbert*, 158 So. 2d 43, 49 (1963). Without "the best available evidence" as required by *Potts* to support the claim and degree of impairment, Dr. Walker's claim for loss of earning capacity should be dismissed as too speculative.

Loss of wage earning capacity refers to impairment of the claimant's earning power proximately caused by the tortfeasor and related to the capacity to continue earning an income. "A claim for damages for a lost or diminished earning capacity must be supported by

satisfactory proof of the fact of such impairment, the extent thereof, and, in the case of a claim for permanent impairment of earning power, by satisfactory evidence of the permanency of the injury; and the **proof should be made by the best evidence available**. Proof with certainty or mathematical exactness is not required, nor need the proof be clear and indubitable; but such damages must be established by substantial evidence and cannot be left to mere conjecture." *Potts v. Mississippi Dep't of Transp.*, 3 So. 3d 810, 813-14 (Miss. Ct. App. 2009)(internal citations omitted).

In *Potts*, the plaintiff claimed that a knee injury would change her employment opportunities and she was entitled to a loss of wage earning damages. *Id.* The trial court and appellate court rejected this claim as too speculative. *Id.*   Potts claimed she could not sit or stand for long periods of time, and this reduced the number of jobs available. *Id.*   However, the medical testimony did not support that she could not work. *Id.* Additionally, the Court recognized that the plaintiff had no proof of being turned down for jobs.  Accordingly, the Court rejected the claim.

Other jurisdictions have analyzed this point and hold that expert testimony is often required regarding proof of loss of earning capacity. *See, e.g., Martin v. CSX Transp., Inc.*, 922 N.E.2d 1022, 1026 (2009)("[W]here an injury is subjective in nature, expert testimony is required to establish both that the injury is permanent in nature and that the injury is certain to have an adverse effect on future earning capacity." ); *Hoagboon v. Cannon*, 54 So. 3d 802, 806 (La. App. 1 Cir. 12/29/10)("[A]ward is predicated upon the difference between a plaintiff's earning capacity before and after a disabling injury, usually as established by projections from a financial expert that have a factual basis in the record."); *Laramie v. Stone*, 999 A. 2d 262 (N.H. 2010)(holding where disability is not readily apparent and not complete,

6

expert testimony was required to show what degree earning capacity was impaired before another expert could opine as to formula to calculate loss of wage earning capacity); *Frugis v. Bracigliano*, 177 N.J. 250, 285, 827 A.2d 1040, 1061 (2003)("Ordinarily, expert testimony would be required to establish the severity of the injury and its connection to the diminution of future-earning capacity, as well as the amount of the predicted lost income."); *Rheaume v. Patterson*, 289 F.2d 611, 613 (2d Cir. 1961)("Vermont law requires, at least when the injury is obscure, that damages for future pain and suffering, future disability, and future loss of wages or future impairment of capacity to work be supported by expert medical proof.").

     As stated above, Dr. Walker has not offered any admissible expert testimony on to lack of earnings capacity, or projected future income loss.[2]  Any testimony from Dr. Walker is speculative at best, and inadmissible.   There is no genuine issue of material fact, and summary judgment in favor of Defendants on this claim is proper.

### Past and Future Medical Care/Expenses

     Plaintiffs have not provided any credible, admissible evidence or opinions from their experts as to whether certain past and future medical care needs or expenses are causally-related to the incident at Target.   Specifically, Plaintiffs have not provided any probative evidence relative to the costs associated with replacement of the spinal cord stimulator or radiofrequency ablation.  Instead, the only evidence relative to this issue comes from Lacy Sapp, Plaintiffs' Life Care Planner.  However, for the reasons set forth in the *Daubert* motion relative to Sapp, which is being filed simultaneously herewith and incorporated herein by reference, this Court should disregard her opinions as to the expenses associated with the dorsal column stimulator and with

---

[2]    Target would incorporate its *Daubert* motion as to Lacy Sapp and George Carter, Ph.D., and incorporate same herein by reference.

regards to radiofrequency ablation.  As such, there is no credible testimony on the topic of future medical costs associated with the replacement of the dorsal column stimulator or the radiofrequency ablation.  Without some medical documentation or expert opinions on related future medical expenses pertaining to these procedures, the issue is merely rank speculation.  Such unreliable speculation, if elicited at trial, would be confusing to the jury, unfairly prejudicial, and therefore, inadmissible.

The non-moving party "is not entitled to rely on general allegations or denial, but must come forward with 'significant probative evidence demonstrating the existence of triable issues of fact.' " *Penton v. Boss Hoggs Catfish Cabin, LLC*, 42 So. 3d 1208, 1210 (¶6) (Miss. Ct. App. 2010) (*Prescott v. Leaf River Forest Prods., Inc.*, 740 So. 2d 301, 309 (¶15) (Miss. 1999) (quoting *Brown v. Credit Ctr. Inc.*, 444 So. 2d 358, 364 (Miss. 1983))). Regarding medical treatment, a plaintiff is not competent to testify regarding his own medical prognosis and treatment.  *Graves v. Graves*, 531 So. 2d 817, 821-822 (Miss. 1988). Additionally, there must be substantial, credible evidence to support claim for future medical expenses.  *City of Jackson v. Spann*, 4 So. 3d 1029, 1038 (Miss. 2009)(disallowing claim for future medical expenses where expert testified that future surgery was necessary, but no credible evidence as to the expense). "Before a jury may be instructed upon a specific element of damages, there must be some testimony to support that element."  Graves, 531 So. 2d at 821 (reversible error where trial court allowed jury instructions on future medical expenses and lost wage capacity without evidence of those damages).

There is no admissible evidence available to Plaintiffs for future medical expenses pertaining to the replacement of the spinal cord stimulator and/or radiofrequency ablation.  For this reason, summary judgment should be granted for Defendants on these element of claimed

damages, and Plaintiffs and their experts should be strictly prohibited from discussing potential costs associated with the replacement of the spinal cord stimulator and/or radiofrequency ablation.

### *Medical Causation*

There is no medical record or other admissible medical evidence relating the spinal cord stimulator, or the need for radiofrequency ablation, to the slip and fall incident at Target. Instead, within the records, there are only references to Dr. Walker having complaints of chronic pain, without explanation of causation, and that the spinal cord stimulator was an elective option that "might" provide some relief.  Furthermore, there is nothing in any of the expert designations that tie reasonable medical necessity of the placement of the spinal cord stimulator, or the need for replacement, or the need for radiofrequency ablation, to the slip and fall at Target.  For these reasons, Plaintiffs have failed to establish that the spinal cord stimulator or that the radiofrequency ablation such that Defendants are entitled to summary judgment finding that these medical procedures are not related.  Plaintiffs should be strictly prohibited from discussing or suggesting that the placement of the spinal cord stimulator, any need for future replacement, and/or the need for radiofrequency ablation, if any, was related to the fall at Target.

### CONCLUSION

For the reasons stated herein, and in the Defendant's motion which is being filed herewith, Defendant is entitled to partial summary judgment on the damages addressed.

**WHEREFORE, PREMISES CONSIDERED**, Target Corporation d/b/a Target moves this Court for partial summary judgment as to the damages addressed. If Defendant has requested

wrong or insufficient relief, Defendant respectfully requests any other relief to which it is

entitled, at law or in equity.

      **RESPECTFULLY SUBMITTED**, this the 20th day of April, 2017.

          **TARGET CORPORATION**
          **Defendant**

    BY:    */s/ John S. Graham*
          MONTE L. BARTON, JR.
          JOHN S. GRAHAM

OF COUNSEL:

Monte L. Barton Jr. (MSB #2095)
John S. Graham (MSB #100364)
**JERNIGAN, COPELAND & ANDERSON, PLLC**
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051
Email: mlbarton@jcalawfirm.com
       jgraham@jcalawfirm.com

10

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, attorney of record for Defendant, Target Corporation, do hereby certify that I have this day served, via ECF filing system, a true and correct copy of the above and foregoing document to the following counsel of record:

K. Douglas Lee (MSB # 9887)
Lee Law Firm, LLC
628 Churchwell Road
Hattiesburg, MS 39401
Telephone: (601) 583-4447
Facsimile: (601) 450-0152
Email: doug@leelaw.us
Email: doug.lee@leelaw.us
ATTORNEY FOR PLAINTIFF

TIMOTHY M. FARRIS (MSB #8848)
Law Office of Timothy M. Farris, PLLC
6645 Highway 98 Suite 3
Hattiesburg, Mississippi 39402
Telephone (601) 296-1 082
Facsimile (601) 296-1085
Email: tim@timfarrislaw.com
CO-COUNSEL FOR PLAINTIFF

**THIS**, the 20th day of April, 2017.

/s/ John S. Graham
MONTE L. BARTON, JR.
JOHN S. GRAHAM