IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DR. DEBRA L. WALKER, *et al.*                                    PLAINTIFFS

V.                                         CIVIL ACTION NO. 2:16-CV-42-KS-MTP

TARGET CORPORATION                                               DEFENDANT

### ORDER

On May 17, 2017, Plaintiffs filed a Motion to Strike [102] Defendant's Motion for Summary Judgment [78] and Answer. Therein, Plaintiffs argue that Defendant intentionally failed to disclose the address and phone number of a witness identified in its initial disclosures – Nicholas Field, a former Target employee. Plaintiffs also argue that Defendant intentionally failed to disclose Field's affidavit taken in January 2017, which was attached as an exhibit to Defendant's Motion for Summary Judgment [78]. For the reasons below, the Court **grants in part and denies in part** Plaintiffs' Motion to Strike [102].

*A.     Background*

In its initial disclosures of June 2016, Defendant identified Nicholas Field as a former employee likely to have discoverable information. *See* Exhibit 9 to Motion to Strike at 1, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 31, 2017), ECF No. 102-9. On July 11, 2016, Defendant's counsel provided Field's last known address and telephone number to Plaintiffs' counsel. *See* Exhibit A to Response at 22, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 31, 2017), ECF No. 113-1. The address was incomplete insofar as it was for a trailer park but did not

include Field's lot number. The phone number was no longer in service.

Using an online people-finder service, Plaintiffs' counsel learned that Field had lived at Lot 13 of the trailer park. *See* Exhibit 1 to Reply at 1, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. June 5, 2017), ECF No. 115-1. Plaintiffs' counsel knew this as early as August 2016, as demonstrated by his correspondence to Field. *See* Exhibit 4 to Motion at 1, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 102-4. Defendants' counsel represented in briefing that Field's trailer was relocated to Lot 10 several years ago. *See* Memorandum at 3 n. 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 31, 2017), ECF No. 114. But Field lived at the trailer park disclosed by Defendant from July 2013 through March 2017. Exhibit B to Response at 1, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 31, 2017), ECF No. 113-2.

At some point between July 2016 and January 2017 – "several months into the discovery process" – Defendant's counsel located Field on Facebook and obtained his lot number and current phone number. *See* Exhibit A [113-1], at 2, 6. But Defendant did not timely supplement its disclosures to provide Field's lot number or current phone number. The Court can not determine from the record whether Defendant provided the lot number prior to filing its briefs on the subject motion, and Defendant did not disclose the phone number until May 17, 2017. *See Id.* at 5-6. Finally, Defendant never disclosed an affidavit it obtained from Field on January 26, 2017, or listed it in a privilege log. *See* Exhibit E to Motion for Summary Judgment, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. April 20, 2017), ECF No. 78-5.

## B. *Disclosure Requirements*

Rule 26 provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ." FED. R. CIV. P. 26(a)(1)(A)(i). The disclosing party must generally make these initial disclosures "at or within 14 days after the parties' Rule 26(f) conference . . . ." FED. R. CIV. P. 26(a)(1)(C); *see also* L.U.Civ.R. 26(a)(1)(A). "A party must make its initial disclosures based on the information then reasonably available to it." FED. R. CIV. P. 26(a)(1)(E).

Rule 34 permits a party to serve requests for the production of documents. FED. R. CIV. P. 34(a)(1). "The party to whom the request is directed must respond in writing within 30 days after being served . . . ." FED. R. CIV. P. 34(b)(2)(A). The responding party may object to requests for production, FED. R. CIV. P. 34(b)(2)(C), but "[a] party withholding information claimed privileged or otherwise protected must submit a privilege log that contains" certain enumerated information about the withheld document. L.U.Civ.R. 26(e). "To withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 . . . ." *Id.*

"A party who has made a disclosure . . . or who has responded to a . . . request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise

3

been made known to the other parties during the discovery process or in writing . . . ." FED. R. CIV. 26(e)(1). Local Rule 26 provides that a party must supplement "in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5).

First, there is no legitimate dispute as to Defendant's failure to disclose Field's complete address and current phone number. Accordingly, Defendant violated Rule 26(e) by failing to supplement its initial disclosures with Field's lot number and current phone number.

Defendant does not dispute that it failed to produce Field's affidavit in response to Plaintiffs' request for production of any written statements. Rather, Defendant contends that it was non-discoverable work product created by counsel in anticipation of trial. *See* FED. R. CIV. P. 26(b)(3)(A). The Court disagrees, for the same reasons provided in *Walker v. George Koch Sons, Inc.*, No. 2:07-CV-274-KS-MTP, 2008 U.S. Dist. LEXIS 81919, at *17-*19 (S.D. Miss. Sept. 18, 2008) (citing numerous authorities). Field's affidavit merely provides facts within his personal knowledge, and it does not reveal Defendant's counsel's "mental impressions or legal strategy." *Id.* at *17. To the extent Defendant cited contrary authorities, the undersigned judge respectfully disagrees with them. Therefore, Defendant violated Rule 26(e) by failing to supplement its responses to Plaintiffs' requests for production, which specifically requested any "written or recorded statements" relevant to this case. *See* Exhibit 10 to Motion to Strike, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 102-10.

Even if the affidavit were work product, Defendant was required to submit a privilege log" with certain information about the withheld document. L.U.Civ.R. 26(e). Defendant did not do so, and "[t]o withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 . . . ." *Id.*

## C. *Rule 37 Analysis*

Having found that Defendant violated its disclosure obligations by failing to disclose Field's complete address, his current phone number, and his affidavit, the Court must determine an appropriate sanction. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "In addition to or instead of this sanction, the court . . . may order payment of the reasonable expenses, including attorneys fees, caused by the failure" or "impose other appropriate sanctions . . . ." *Id.*

When deciding whether to exclude evidence for a party's failure to disclose it during discovery, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294,

5

300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see also* FED. R. CIV. P. 37(c)(1).

First, the Court is not impressed by Defendant's explanations for its failures to comply with the discovery rules. Defendant argues that Plaintiffs' counsel could have found Field's lot number and current phone number just as easily as its counsel did, noting that Plaintiffs' counsel's office is less than ten miles from the trailer park where Field lived. The Court agrees that Plaintiffs' counsel could have obtained Field's contact information as readily as Defendant's counsel. And while that issue may be relevant to determining the prejudice created by the nondisclosure, it is wholly irrelevant to Defendant's obligation to supplement. Moreover, Defendant's alleged belief that the affidavit constituted non-discoverable work product was wrong, as explained above. Even if the affidavit were work product, Defendant provided no explanation for its failure to list it on the privilege log. The first factor weighs in favor of exclusion.

The second factor weighs against exclusion, in that the testimony is relatively important. Indeed, Plaintiffs described Field as a "vital witness" and "the only Target employee who was present" when Mrs. Walker fell. *See* Memorandum at 1, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 103. Field stated that he "was the first Target team member to respond to the scene of the fall." Exhibit E to Motion for Summary Judgment at 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 78-5. He "observed the location where

6

Ms. Walker fell," and he claims to have "walked down" the aisle "within ten (10) minutes of Ms. Walker's fall . . . ." *Id.* at 2-3. This is important evidence, relevant to and probative of Plaintiffs' claims.

Next, the Court believes that Defendant's failure to disclose has created some prejudice to Plaintiffs, but that prejudice is sharply mitigated by two factors. First, Plaintiffs' counsel was just as capable of finding Field's contact information as Defendant's counsel was. Indeed, Plaintiffs' counsel had the address of the trailer park in which Field lived through March 2017. Moreover, Field was a *former* employee of Defendant and, therefore, not within Defendant's control.

Second, Plaintiffs' counsel became aware of the discovery violations on April 20, 2017, when Defendant filed its Motion for Summary Judgment [78] with the Field affidavit attached as an exhibit [78-5]. If Plaintiffs had immediately brought the matter to the Court's attention, there would have been more time to craft a remedy. In fact, the Magistrate Judge held a telephonic discovery conference with the attorneys of record on April 24, 2017, and Plaintiffs' counsel *did not raise the issue*. Instead, on April 26, 2017, Plaintiffs' counsel filed a Motion [96] seeking a *one month* extension of the briefing deadlines on Defendant's dispositive motions. Having no notice of the simmering discovery dispute, the Court granted the extension in part on April 27, 2017. Finally, on May 17, 2017 – almost a month after becoming aware of the discovery violations – Plaintiffs filed their Motion to Strike [102] on the same day as their responses to Defendant's dispositive motions.

This Court's Local Rules explicitly provide: "The failure to take immediate action

7

and seek court intervention when a known fact disclosure violation . . . occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under Fed. R. Civ. P. 37(c)." L.U.Civ.R. 26(a)(3). Therefore, while the Court concludes that it would prejudice Plaintiffs to consider Field's affidavit or permit his testimony at trial, that prejudice is mitigated by Plaintiffs' counsel's failure to raise the issue in a timely manner. Indeed, Plaintiffs' untimely filing of the Motion to Strike [102] casts a substantially different light on their motion [96] for an extension of time to respond to Defendant's dispositive motions.

Finally, there is time to cure whatever prejudice was created by Defendant's discovery violations. The pretrial conference in this matter is currently scheduled for July 20, 2017. The Court will not continue the pretrial conference, but that leaves over a month for Plaintiffs to depose Field and supplement their responses to Defendant's motions, and for the Court to rule on the motions before the pretrial conference.

*D.*  *Conclusion*

For these reasons, the Court **grants in part and denies in part** Plaintiffs' Motion to Strike [102]. The Court grants the motion insofar as Plaintiffs seek a ruling that Defendant violated the discovery rules by failing to supplement its initial disclosures and responses to Plaintiffs requests for production. The Court denies the motion in all other respects. More specifically, it declines to exclude Field's affidavit or his potential testimony at trial, and it declines to strike Defendant's Motion for Summary Judgment [78] or answer.

Instead, Plaintiffs may depose Field outside the discovery period. The deposition must occur within fourteen days of the entry of this order – no later than June 21, 2017. After the deposition has been conducted, Plaintiffs have one week to file a supplemental response to Defendant's Motion for Summary Judgment [78] or any other pending motion to which Field's testimony is relevant. Defendant will not be permitted to file supplemental replies. Because Plaintiffs would have incurred the cost of deposing Field if the contact information and affidavit had been timely disclosed, they will bear the normal cost of deposition and transcripts. However, if there is any additional cost for expediting the transcript, Defendant must pay it.

Defendant must also pay a reasonable and fair amount of the fees Plaintiffs incurred for the Motion to Strike and its supporting briefs, to be determined by the Court after Plaintiffs submit a fee request. Plaintiffs shall submit the fee request, supporting brief, and documentation before June 21, 2017. Defendant shall respond on or before June 28, 2017. Plaintiffs may reply on or before July 3, 2017.

Finally, if Plaintiffs intend to depose Field, they must notify the Court of their intention to do so on or before Monday, June 12, 2017. If Plaintiffs do not wish to depose Field pursuant to the terms provided above, the Court will address the pending dispositive motions. If Plaintiffs do intend to depose Field, the Court will wait for Plaintiffs' supplemental briefing.

The Court will not grant an extension of any deadline imposed in this Order.

SO ORDERED AND ADJUDGED, on this, the __7th__ day of June, 2017.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE