# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER**, *et al.*                                                       **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                                **DEFENDANT**

## ORDER

On April 20, 2017, Defendant filed a Motion to Strike [77] Plaintiff Debra Walker's Supplemental Answers to its First Set of Interrogatories [77-1].[1] Plaintiff first served the supplemental interrogatory responses on December 20, 2016, but she did not serve a signed copy until March 15, 2017 – the discovery deadline. Defendant argues that it had no duty to act on an unsigned discovery response, and that the Court must strike the supplemental interrogatory answers pursuant to Rule 26(g)(2), which provides that "parties have no duty to act on an unsigned disclosure, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." FED. R. CIV. P. 26(g)(2).

Although Plaintiff did not sign her supplemental interrogatory responses, her attorney did. Rule 26(g) only requires that "at least one attorney of record" sign discovery responses, unless the responding party is unrepresented. FED. R. CIV. P. 26(g)(1). Rule 33 requires that "[t]he person who makes the [interrogatory] answers

---

[1] Docket No. 77-1 is a redacted copy of Plaintiffs' supplemental interrogatory responses. Docket No. 105-1 includes an unredacted copy.

must sign them . . . ," FED. R. CIV. P. 33(b)(5), but it does not impose a mandatory sanction of striking the unsigned response. *Contrast* Fed. R. Civ. P. 26(g)(2), *with* FED. R. CIV. P. 33(b)(5). Rather, violations of Rule 33 are subject to sanctions under Rule 37. *See* FED. R. CIV. P. 33 advisory committee's note; FED. R. CIV. P. 37(a); *cf. Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). Defendant never filed a motion to compel pursuant to Rule 37(a), and it has not argued that sanctions are appropriate under Rule 37(c).[2]

Regardless, Plaintiff eventually served signed responses on March 15, 2017, and Defendant has not represented that the signed responses differed materially from the unsigned ones. Therefore, while Plaintiff may have been lackadaisical in her obligation to provide signed interrogatory responses, Defendant has not articulated any prejudice that was created by the delay. Defendant had the same information available to it for three months before it received the signed responses. Although Rule 26(g)(2) provides that the Court "must" strike unsigned discovery responses, the Fifth Circuit has held that a district court did not abuse its discretion in denying a motion to strike a technically deficient discovery response that created no prejudice to the opposing party. *See Waltner v. Aurora Loan Servs., LLC*, 551 F. App'x 741, 747 (5th Cir. 2013) (citing *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978)).[3]

---

[2] It is unlikely the Court would impose sanctions under Rule 37 because, as explained below, Plaintiff's delay in providing signed responses did not prejudice Defendant.

[3] *See also Fos v. Walmart Stores East, LP*, No. 3:12-CV-735-LG-JMR, 2013 U.S. Dist. LEXIS 191329, at *4 n. 1 (S.D. Miss. Nov. 14, 2013) ("*Unless a signature*

Finally, the Local Rules provide: "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U.Civ.R. 7(b)(2)(C). Defendant received the unsigned interrogatory responses in December 2016. Rather than file a motion to compel signed responses, it elected to wait until April 20, 2017 – after discovery had already closed – to seek relief. This Court's local rules do not allow litigants to sit on their rights until it is too late for the Court to craft a remedy other than exclusion – as the Court also reminded Plaintiffs in its Order [116] of June 7, 2017.

In summary, Plaintiff did not violate Rule 26(g) insofar as that rule only requires that her attorney sign the discovery responses. To whatever extent Plaintiff violated Rule 33 by delaying her signature of the interrogatory responses, Defendant has not articulated any prejudice created by the delay. In fact, Defendant was timely provided the substantive information it sought, and Plaintiff eventually signed the responses. The Court **denies** Defendant's Motion to Strike [77] Plaintiff's

---

*has been supplied by Plaintiffs*, the Supplemental Answers to Interrogatories will be stricken pursuant to Fed. R. Civ. P. 26(g)(2)."); *Holmes v. All Am. Check Cashing, Inc.*, No. 2:11-CV-7-NBB-SAA, 2016 U.S. Dist. LEXIS 18917, at *2 (N.D. Miss. Feb. 10, 2016) (where defendant failed to sign interrogatory responses, court gave it seven days to do so, rather than imposing sanctions); *Kempton v. Mar. Sys.*, 2013 U.S. Dist. LEXIS 84691, at *11-*12 (E.D. La. June 17, 2013) (where defendant had not signed responses, the court gave it seven days to provide signed responses, rather than strike them); *cf. Atl. Inv. Mgmt., LLC v. Millenium Fund I, Ltd.*, 212 F.R.D. 395, 397-98 (N.D. Ill. Aug. 22, 2002) (court rejected argument that an unsigned subpoena should not be enforced, noting that the oversight was easily cured).

Supplemental Answers to its First Set of Interrogatories.

SO ORDERED AND ADJUDGED, on this, the __13th____ day of June, 2017.


                                          ___s/Keith Starrett_____
                                          UNITED STATES DISTRICT JUDGE