# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                             **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                             **DEFENDANT**

## ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion to Strike and/or Exclude [90] the testimony of Plaintiff's expert and treating physician, Dr. Stephen Lambert. The Court grants the motion as to any opinion and/or fact testimony not contained in Lambert's records of Plaintiff's treatment that were produced to Defendant. The Court denies the motion in all other respects.

Defendant argues that Lambert's testimony should be excluded because Plaintiff failed to provide a summary of the facts and opinions to which he is expected to testify. Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). But if the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P.

26(a)(2)(C). "A number of courts agree that a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* FED. R. CIV. P. 26(a)(2)(B). These disclosures must be made and supplemented in the time and sequence ordered by the Court. FED. R. CIV. P. 26(a)(2)(D)-(E). A party's failure to do so is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2).

It appears to be undisputed that Plaintiff's initial expert designations did not provide a summary of the facts and opinions to which Lambert would testify at trial. *See* Exhibit A to Motion to Strike and/or Exclude at 2-3, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 90-1. However, as noted in the Court's previous order [129], Plaintiff's counsel sent Defendant's counsel unsigned supplemental interrogatory responses on December 20, 2016, and he later sent a signed copy on the discovery deadline. The supplemental interrogatory responses contained a summary of the facts and opinions Lambert intends to provide at trial. *See* Exhibit 1 to Response at 8-10, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 104-1.[1]

When deciding whether to exclude an expert's testimony, the Court must consider the prejudice to Defendant if the testimony is allowed. *Hamburger v. State*

---

[1] Defendant contends that the unsigned interrogatory responses should not be considered, but the Court has already addressed that issue in a previous order [129].

*Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004). Moreover, Rule 37(c) excepts "harmless" failures to disclose from its general prescription of exclusion. Fed. R. Civ. P. 37(c)(1). Here, any failure by Plaintiff to comply with Rule 26(a)(2)(C) as to Lambert was harmless insofar as Defendant received a summary of the facts and opinions Lambert is expected to provide at trial as early as December 2016. Therefore, wholesale exclusion of Lambert's testimony would be inappropriate.

But Plaintiff's summary explicitly provides that Lambert's expected testimony is "not limited . . . to the opinions outlined in his records . . . ." Exhibit 1 [104-1], at 8. If a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.*[2] Therefore, if Lambert's expected testimony – whether fact or opinion

---

[2] S*ee also Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 U.S. Dist. LEXIS 133344, at *9-*10 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp. LLC*, No. H-08-0085, 2009 U.S. Dist. LEXIS 8706, at *3-*4 (S.D. Tex. Feb. 5, 2009); *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 U.S. Dist. LEXIS 70979, at *9-*10 (N.D. Tex. Sept. 18, 2008); *Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 U.S. Dist. LEXIS 86686, at *6-*7 (E.D. La. Nov. 21, 2007); *Duke v. Lowe's Home*

– is not in the medical records produced to Defendant, Plaintiff was required to produce an expert report in compliance with Rule 26(a)(2)(B). It is undisputed that Plaintiff has not done so. Therefore, Lambert's testimony at trial will be limited to matters within the medical records of his treatment of Plaintiff that were produced to Defendant.[3]

SO ORDERED AND ADJUDGED, on this, the __21st__ day of June, 2017.

                                                __s/Keith Starrett__
                                                UNITED STATES DISTRICT JUDGE

---

*Ctrs., Inc.*, No. 1:06-CV-207-P-D, 2007 U.S. Dist. LEXIS 80415, at *3-*4 (N.D. Miss. Oct. 19, 2007); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004); *Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR, 2004 U.S. Dist. LEXIS 16072, at *4-*5 (W.D. Tex. Aug. 16, 2004).

[3]The Court declines to go line-by-line through Plaintiff's designation and Lambert's treatment records, comparing their contents. It trusts that counsel, with this ruling in hand, can agree which testimony from Lambert is admissible. If counsel can not agree, they should be prepared to present argument at trial as to each specific, enumerated piece of opinion and/or fact testimony in dispute, and the Court will address them outside the presence of the jury before Lambert testifies.