# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER, *et al.***                                                         **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [78] as to liability. Specifically, the Court grants the motion as to Plaintiffs' punitive damages claim, but it denies the motion in all other respects.

## I. BACKGROUND

This is a slip-and-fall case. Plaintiff Debra Walker slipped in a puddle of water while shopping at Target in Hattiesburg, Mississippi. She claims that the fall caused her to sustain permanently disabling injuries. Her husband claims a loss of consortium. They demanded a wide variety of damages. Defendant filed a Motion for Summary Judgment [78] as to liability, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627

F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.     *Debra Walker's Premises Liability Claim*

In a premises liability case, the plaintiff must prove the four elements of common-law negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 822 (S.D. Miss. 2014). The duty owed to the plaintiff depends on his or her status as an invitee, licensee, or trespasser. *Doe v. Miss. State Fed'n of Colored Women's Club Housing for the Elderly in Clinton, Inc.*, 941 So. 2d 820, 826 (Miss. Ct. App. 2006). Therefore, "[p]remises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood*

*v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004).

It is undisputed that Plaintiff was an invitee at the time of the accident. "Mississippi law imposes upon a business owner or operator a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee." *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999). However, a business owner is not an insurer against all accidents and injuries that may occur on its premises. *Anderson v. B. H. Acquisitions, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). Furthermore, mere proof of the existence of a fall within a business is insufficient to recover on a negligence claim. *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (Miss. Ct. App. 2006). To prove a premises liability claim, a plaintiff-invitee must show either:

> (1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.

*Id.* at 694-95 (citing *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2004)).

Plaintiffs contend that a Target employee caused Mrs. Walker's injury. They argue that a Target employee left a refrigerated cart full of products in the aisle, and that condensation dripped from the cart onto the floor, creating the puddle of water in which Mrs. Walker slipped. The record contains evidence to support this theory.

Arnold Lynch, a former Target employee, testified that he was restocking refrigerated yogurt at the time of the accident. Exhibit 6 to Response at 50-51, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), Ecf No. 109-6. Mrs. Walker testified that the cart was "very close" to the puddle of water. Exhibit 8 to Response at 149, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 109-8. She said the "boxes were sweating and you could see the water beaded up on there," *id.* at 154, and that condensation had also formed on the metal cart. *Id.* at 159-60. Finally, Mrs. Walker testified that Lynch said "something to the effect of, 'Oh my gosh, it must be this cart." *Id.* at 151. She reiterated that Lynch "made a comment to indicate his suspicion and his evaluation that the water . . . came off [his] cart. And he moved the cart, when I was on the floor, looking for more water to see if it was creating another puddle." *Id.* at 154.

This evidence is sufficient to create a genuine dispute of material fact as to whether Defendant created the dangerous condition which caused Mrs. Walker's injury by leaving a refrigerated cart of yogurt in the aisle. Therefore, the Court denies Defendant's motion for summary judgment as to Plaintiff Debra Walker's premises liability claim.

### B.   *Prentiss Walker's Loss of Consortium Claim*

Defendant argues that summary judgment is appropriate as to Mr. Walker's loss of consortium claim because it is derivative of Mrs. Walker's premises liability claim. As the Court denied Defendant's motion as to Mrs. Walker's premises liability claim,

4

it also denies the motion as to Mr. Walker's loss of consortium claim.

## C. *Punitive Damages*

"Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Punitive damages are generally only allowed "where the facts are highly unusual and the cases extreme." *Wise v. Valley Bank*, 861 So. 2d 1029, at 1035 (Miss. 2003). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly negligent." *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002).

Plaintiffs cited no evidence demonstrating "actual malice, [or] gross negligence which evidences a willful, wanton or reckless disregard for the safety of others . . . ." MISS. CODE ANN. § 11-1-65(1)(a). Moreover, Plaintiffs cited no law whatsoever in support of their punitive damages claim, much less a case awarding punitive damages in a slip-and-fall case with facts similar to this one. In the Court's opinion, this is a case of simple negligence, at worst, and that is not enough to merit a punitive damages instruction. *Choctaw Maid*, 822 So. 2d at 924.

Plaintiffs argue that Defendant's conduct during discovery merits punitive damages, but they cited no law in support of this novel argument. Under Mississippi

5

law, a defendant's conduct during discovery is neither a factor in determining whether punitive damages are available, MISS. CODE ANN. § 11-1-65(1)(a), nor a factor in determining the amount of punitive damages. MISS. CODE ANN. § 11-1-65(1)(e)-(f). "The purpose of punitive damages . . . is to punish a tortfeasor . . . ." *State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 474 So. 2d 1048, 1052 (Miss. 1985). There are other remedies available for misconduct during litigation, as the Court has already addressed in its Order [116] of June 7, 2017.

Plaintiffs also suggested that Defendant destroyed and/or failed to preserve video of the thirty minutes before and after her fall. To the extent Plaintiffs intended to make a spoliation argument, they failed to cite any law to support the claim or to discuss the specific facts. Regardless, Plaintiffs have not presented evidence of any of the elements of a spoliation claim. *See Barnett v. Deere & Co.*, No. 2:15-CV-2KS-MTP, 2016 U.S. Dist. LEXIS 117312, at *2-*4 (S.D. Miss. Aug. 31, 2016) (discussing law governing spoliation claims).

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [78] as to liability. Specifically, the Court grants the motion as to Plaintiffs' punitive damages claim, but it denies the motion in all other respects.

SO ORDERED AND ADJUDGED, on this, the 3rd day of July, 2017.

> /s/ Keith Starrett
> KEITH STARRETT
> UNITED STATES DISTRICT JUDGE