# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                  **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part, denies in part, and defers ruling in part** on Defendant's Motion to Exclude [88] certain testimony by Plaintiffs' proposed medical expert witnesses. Specifically:

- Geralyn Datz, Jay Antinnes, Jennifer Stewart, Thomas Baylis, David Stout, and Todd Stitzman may not testify as experts, but they may testify as fact witnesses, without expressing any opinions or other testimony informed by or based on their specialized or technical experience, knowledge, or training.

- Stephen Lambert, Jeffrey Burns, and David Lee may testify as experts, but they may only offer fact or opinion testimony that is contained within the medical records of their treatment of Mrs. Walker that were produced to Defendant.

- The Court will address Plaintiffs' experts' proposed testimony as to the dorsal column stimulator and radiofrequency ablation when it addresses Defendant's Motion for Partial Summary Judgment [85] as to damages.

- The responses to Lacy Sapp's questionnaire provided by Todd Stitzman, Jennifer Stewart, and Stephen Lambert are excluded pursuant to Rule 37.

- The affidavit of David Lee is excluded pursuant to Rule 37.

## I. BACKGROUND

This is a slip-and-fall case. Plaintiff Debra Walker slipped in a puddle of water

while shopping at Target in Hattiesburg, Mississippi. She claims that the fall caused her to sustain permanently disabling injuries. Her husband claims a loss of consortium. They demanded a wide variety of damages. Defendant filed a Motion to Exclude [88] certain opinions of Plaintiffs' medical experts, which the Court now addresses.

## II. DISCUSSION

### A. *Treating Physicians*

First, Defendant argues that Plaintiffs failed to properly disclose the expected testimony of Mrs. Walker's treating physicians, and that their testimony should be limited to matters contained in the medical records. The Court already addressed this topic with respect to Dr. Stephen Lambert. *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 95346 (S.D. Miss. June 21, 2017).

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). But if the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C). "A number of courts agree that a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim*

2

*v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* FED. R. CIV. P. 26(a)(2)(B).

But if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.*[1] Therefore, if a treating physician's expected testimony – whether fact or opinion – is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

All disclosures must be made and supplemented in the time and sequence

---

[1] S*ee also Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 U.S. Dist. LEXIS 133344, at *9-*10 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp. LLC*, No. H-08-0085, 2009 U.S. Dist. LEXIS 8706, at *3-*4 (S.D. Tex. Feb. 5, 2009); *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 U.S. Dist. LEXIS 70979, at *9-*10 (N.D. Tex. Sept. 18, 2008); *Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 U.S. Dist. LEXIS 86686, at *6-*7 (E.D. La. Nov. 21, 2007); *Duke v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-207-P-D, 2007 U.S. Dist. LEXIS 80415, at *3-*4 (N.D. Miss. Oct. 19, 2007); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004); *Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR, 2004 U.S. Dist. LEXIS 16072, at *4-*5 (W.D. Tex. Aug. 16, 2004).

ordered by the Court. FED. R. CIV. P. 26(a)(2)(D)-(E). A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). Additionally, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *see also Reliance Ins. Co.*, 110 F.3d at 257 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

*1. Geralyn Datz, Jay Antinnes, and Jennifer Stewart*

Defendants argue that Plaintiffs' designations of Geralyn Datz, Jay Antinnes, and Jennifer Stewart were insufficient. In response, Plaintiffs represent that they withdrew their designations of Datz, Antinnes, and Stewart. Accordingly, it appears to be undisputed that Geralyn Datz, Jay Antinnes, and Jennifer Stewart have not been

4

designated as experts.

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts, including treating physicians. *Hamburger*, 361 F.3d at 882-83. When a party fails to designate an expert witness, that witness is subject to exclusion. *See* FED. R. CIV. P. 37(c)(1); L.U.Civ.R. 26(a)(2). Plaintiffs provided no explanation for why they withdrew the designations of Datz, Antinnes, and Stewart. The Court assumes that their testimony would be important, but it would also be prejudicial to Defendant to admit their testimony insofar as Defendant was not provided sufficient notice of their opinions. There is no time to cure the prejudice, as the pretrial conference of this matter is in approximately two weeks. Therefore, any proposed expert testimony from Geralyn Datz, Jay Antinnes, and Jennifer Stewart should be excluded under Rule 37.

In the past, the Court has permitted medical providers to testify as fact witnesses when a party failed to comply with the disclosure requirements for expert witnesses.[2] The Court will likewise permit Datz, Antinnes, and Stewart to testify as fact witnesses, rather than as expert witnesses. But they may only "testify as to basic facts known to [them] as the treating physician without expressing any opinion at all." *Robbins*, 223 F.R.D. at 453. They may not provide any fact or opinion testimony

---

[2]*See, e.g. Seibert v. Jackson County*, No. 1:14-CV-188-KS-MTP, 2015 U.S. Dist. LEXIS 113106, at *5-*6 (S.D. Miss. Aug. 26, 2015); *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 49739, at *10 (S.D. Miss. Apr. 10, 2014); *Gerald v. Univ. of S. Miss.*, No. 2:12-CV-147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *20 (S.D. Miss. Oct. 10, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 111906, at *5-*6 (S.D. Miss. Aug. 9, 2012).

5

informed by or based on their specialized or technical experience, knowledge, or training.³

### 2. *Stephen Lambert*

The Court already addressed Plaintiffs' failure to properly disclose the expected expert testimony of Stephen Lambert. *Walker*, 2017 U.S. Dist. LEXIS 95346. Lambert's testimony at trial is limited to the facts and opinions within the medical records of his treatment of Mrs. Walker that were produced to Defendant.

### 3. *Jeffrey Burns, David Lee*

Plaintiffs' initial expert designations did not provide a summary of the facts and opinions to which Jeffrey Burns and David Lee would testify at trial. *See* Exhibit A to Motion to Strike and/or Exclude at 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 90-1. However, as noted in the Court's previous order [129], Plaintiffs' counsel sent Defendant's counsel unsigned supplemental interrogatory responses on December 20, 2016, and he later sent a signed copy on the discovery deadline. The supplemental interrogatory responses contained a summary of the facts and opinions Burns and Lee intend to provide at trial. *See* Exhibit 1 to Response at 10-12, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 104-1.⁴

---

³The Court assumes that Plaintiffs produced the medical records from all of Mrs. Walker's treating physicians to Defendant. If that is not the case, the Court may revisit this opinion at trial and bar their testimony altogether.

⁴ Defendant contends that the unsigned interrogatory responses should not be considered, but the Court addressed that objection in a previous order [129].

Any failure by Plaintiffs to comply with Rule 26(a)(2)(C) as to Burns and Lee was harmless insofar as Defendant received a summary of their proposed testimony as early as December 2016. Therefore, wholesale exclusion of their testimony would be inappropriate. But, as Plaintiffs failed to provide Defendant with expert reports from Burns and Lee, their testimony at trial will be limited to the facts and opinions within the medical records from their treatment of Mrs. Walker that were produced to Defendant.

   4.   *Thomas Baylis*

Plaintiffs' initial expert designations did not provide a summary of the facts and opinions to which Thomas Baylis would testify at trial. *See* Exhibit A [90-1], at 2. The unsigned supplemental interrogatory responses produced to Defendant in December 2016 also included no summary of the facts and opinions to which Baylis would testify. *See* Exhibit 1 [104-1], at 5-12. Plaintiffs represented that Baylis was partners with Jeffrey Burns, *id.* at 10, and that he treated Plaintiff for a rotator cuff injury, *id.* at 11, but they provided no summary of his anticipated trial testimony. In fact, they specifically represented that Burns would provide testimony as to the treatment provided by Baylis. *Id.* at 12.

Therefore, the Court concludes that Plaintiffs failed to properly designate Baylis as an expert witness. They failed to provide a summary of the facts and opinions to which he would testify, and they explicitly represented that another medical provider would testify as to the treatment he provided – implying that Baylis would not testify.

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts,

7

including treating physicians. *Hamburger*, 361 F.3d at 882-83. When a party fails to designate an expert witness, that witness is subject to exclusion. *See* FED. R. CIV. P. 37(c)(1); L.U.Civ.R. 26(a)(2). Plaintiffs provided no explanation for why they failed to properly designate Baylis. The Court assumes that his testimony would be important, but it would also be prejudicial to Defendant to admit it insofar as Defendant was not provided sufficient notice of his opinions. There is no time to cure the prejudice, as the pretrial conference of this matter is in approximately two weeks. Therefore, any proposed expert testimony from Thomas Baylis must be excluded pursuant to Rule 37.

Baylis may, however, testify as a fact witness, rather than as an expert witness, if the medical records from his treatment of Mrs. Walker were produced to Defendant. He may only "testify as to basic facts known to him as the treating physician without expressing any opinion at all." *Robbins*, 223 F.R.D. at 453. He may not provide any fact or opinion testimony informed by or based on his specialized or technical experience, knowledge, or training.

   5.   *David Stout, Todd Stitzman*

Plaintiffs' initial expert designations did not provide a summary of the facts and opinions to which David Stout and Todd Stitzman would testify at trial. *See* Exhibit A [90-1], at 2-3. The unsigned supplemental interrogatory responses produced to Defendant in December 2016 also included no summary of the facts and opinions to which Stout and Stitzman would testify. *See* Exhibit 1 [104-1], at 5-12. Therefore, Plaintiffs failed to properly designate Stout and Stitzman as expert witnesses.

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts,

8

including treating physicians. *Hamburger*, 361 F.3d at 882-83. When a party fails to designate an expert witness, that witness is subject to exclusion. *See* FED. R. CIV. P. 37(c)(1); L.U.Civ.R. 26(a)(2). Plaintiffs provided no explanation for why they failed to properly designate Stout and Stitzman. The Court assumes that their testimony would be important, but it would also be prejudicial to Defendant to admit it insofar as Defendant was not provided sufficient notice of their opinions. There is no time to cure the prejudice, as the pretrial conference of this matter is in approximately two weeks. Therefore, any proposed expert testimony from David Stout and Todd Stitzman must be excluded pursuant to Rule 37.

Stout and Stitzman may, however, testify as a fact witness, rather than as expert witnesses, if the medical records from their treatment of Plaintiff were produced to Defendant. They may only "testify as to basic facts known to [them] as the treating physician without expressing any opinion at all." *Robbins*, 223 F.R.D. at 453. They may not provide any fact or opinion testimony informed by or based on their specialized or technical experience, knowledge, or training.

### B. *Dorsal Column Stimulater & Radiofrequency Ablation*

Defendant argues that Plaintiffs have produced no evidence to support their claim that Mrs. Walker's slip-and-fall caused her to require a dorsal column stimulator or radiofrequency ablation. Therefore, they contend that Plaintiffs' experts should be barred from offering any testimony on these matters.

The Court will address this issue when it addresses Defendant's Motion for Partial Summary Judgment [85] as to damages.

## C. *Questionnaires*

Todd Stitzman, Jennifer Stewart, and Stephen Lambert apparently answered questionnaires propounded by Lacy Sapp, Plaintiffs' life-care planner. Defendant argues that their questionnaire responses should be excluded because they were not provided in the course of Mrs. Walker's treatment. Rather, Defendant contends that these were opinions rendered outside the course of treatment specifically for this litigation.

If a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett*, 2016 U.S. Dist. LEXIS 123114 at *3. "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.*

The questionnaires filled out by Stitzman, Stewart, and Lambert were prepared for this litigation – not in the regular course of their treatment of Mrs. Walker. Therefore, with respect to the questionnaire responses, Stitzman, Stewart, and Lambert acted more like a retained expert than a treating physician, and Plaintiffs were required to produce a written report in compliance with Rule 26(a)(2)(B). *Id.* (specifically addressing treating physician's assessment of life care plan, and citing

multiple cases).They did not do so.

When a party fails to provide information as required by Rule 26(a), he "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiffs have provided no explanation for their failure to provide expert reports with the testimony of Stitzman, Stewart, and Lambert prepared specifically for this litigation. The Court assumes that this proposed testimony is important, and its admission would prejudice Defendant insofar as Defendant has not been given notice of it. There is no time to cure the prejudice, as the pretrial conference in this matter is in approximately two weeks. Therefore, the Court concludes that the responses to Sapp's questionnaire provided by Todd Stitzman, Jennifer Stewart, and Stephen Lambert should be excluded pursuant to Rule 37.

### D. *Lee's Affidavit*

Finally, Defendant argues that the Court should exclude an affidavit from Dr. David Lee which was attached as an exhibit to at least one of Plaintiffs' responses to Defendant's motions. *See* Exhibit 4 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 107-4. Defendant contends that the affidavit and the testimony contained within it were not timely disclosed.

Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). For treating physicians, the disclosure must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703,

11

or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. (a)(2)(C). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club*, 73 F.3d at 57 n. 42 (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added).

In summary, Plaintiffs' expert designations were due on or before January 13, 2017. *Seee* Amended Case Management Order, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Dec. 22, 2016), ECF No. 54. Any supplements to the designations or expert reports were due on or before the discovery deadline of March 15, 2017,[5] unless they were otherwise made known to the Defendants during discovery. FED. R. CIV. P. 26(e)(1)-(2); L.U.Civ.R. 26(a)(5). Plaintiffs first disclosed Lee's affidavit on May 18, 2017 – two months *after* the discovery deadline. Therefore, regardless of whether the affidavit constitutes a true supplement or entirely new opinions previously undisclosed,[6] it was untimely.

Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiffs provided no explanation for their failure to timely disclose Lee's testimony. The Court will assume the affidavit and Lee's testimony contained therein are important. Accordingly, it would prejudice Defendant to admit such testimony or consider it when addressing the

---

[5]The discovery deadline was later extended *only* for the purpose of permitting Defendant to depose Sapp and another expert. *See* Order, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Mar. 9, 2017), ECF No. 66.

[6]*See, e.g. Harmon v. Ga. Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (explaining difference between supplement and new opinions previously undisclosed); *Elliot v. Amadas Indus.*, 796 F. Supp. 2d 796, 802-03 (S.D. Miss. 2011); *Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2015 U.S. Dist. LEXIS 4918, at *4-*6 (S.D. Miss. Jan. 5, 2015).

parties' motions insofar as Defendant had no opportunity to depose Lee after receiving notice of the proposed expert testimony. Moreover, Defendant had no opportunity to obtain and disclose any counter-testimony from its own experts. There is no time to cure the prejudice because the pretrial conference is in approximately two weeks. Therefore, the Court finds that the affidavit of David Lee must be excluded from both trial and the Court's consideration when addressing the parties' motions. Moreover, as explained above, Lee may not provide any expert testimony – whether fact or opinion – unless it was previously disclosed in the medical records from his treatment of Mrs. Walker.

### III. CONCLUSION

For these reasons, the Court **grants in part, denies in part, and defers ruling in part** on Defendant's Motion to Exclude [88] certain testimony by Plaintiffs' proposed medical expert witnesses as provided above.

SO ORDERED AND ADJUDGED, on this, the __6th__ day of July, 2017.

       __s/Keith Starrett__
       UNITED STATES DISTRICT JUDGE