# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                          **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [85]. Specifically, the Court denies the motion as to Plaintiffs' claim of lost wages and wage-earning capacity, but the Court grants the motion as to Plaintiff's claim of past and future medical expenses for a spinal cord stimulator and radiofrequency ablation.

## I. BACKGROUND

This is a slip-and-fall case. Plaintiff Debra Walker slipped in a puddle of water while shopping at Target in Hattiesburg, Mississippi. She claims that the fall caused her to sustain permanently disabling injuries. Her husband claims a loss of consortium. Defendant filed a Motion for Summary Judgment [78] as to certain elements of Mrs. Walker's alleged damages, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is

material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.     *Lost Wages, Future Wages, and Wage Earning Capacity*

First, Defendant argues that Plaintiffs have no evidence that Mrs. Walker is permanently disabled and has lost all wage-earning capacity. Therefore, Defendant contends that the Court should grant summary judgment as to any claim of lost wages – whether past, present, or future – and lost earning capacity.

Of course, "plaintiffs bear the burden of going forward with sufficient evidence to prove their damages by a preponderance of the evidence." *Potts v. MDOT*, 3 So. 3d 810, 813 (Miss. Ct. App. 2009).

A claim for damages for a lost or diminished earning capacity must be

2

> supported by satisfactory proof of the fact of such impairment, the extent thereof, and, in the case of a claim for permanent impairment of earning power, by satisfactory evidence of the permanency of the injury; and the proof should be made by the best evidence available. Proof with certainty or mathematical exactness is not required, nor need the proof be clear and indubitable; but such damages must be established by substantial evidence and cannot be left to mere conjecture.

*Id.* at 813-14 (quoting *Casey v. Texgas Corp.*, 361 So. 2d 498, 499 (Miss. 1978)) (citations and punctuation omitted).

"Mississippi law . . . does not require . . . plaintiffs to use expert testimony to prove" a loss of wage-earning capacity. *Coleman v. Swift Transp. Co. of Ariz., LLC*, No. 3:13-CV-3-DMB-SAA, 2014 U.S. Dist. LEXIS 96538, at *19 (N.D. Miss. July 16, 2014). Rather, the jury is required to "measure any damages for loss of wage earning capacity by looking at the plaintiffs' health, physical ability, age, and earning power before the accident as well as the effect of their injuries on earning power." *Id.* at 21. Therefore, medical records, a medical expert's testimony as to the plaintiff's injuries (rather than as to her earning capacity), and the plaintiff's own testimony as to the effect the injuries had on her ability to work may be sufficient to support an award of damages for lost earning capacity. *See, e.g. id.* at *20; *see also Coleman v. Lehman*, 649 F. Supp. 363, 369 (N.D. Miss. 1986) (in bench trial, court based award of lost past and future wages on plaintiff's employment and medical history, her own testimony regarding the effect of her injuries, and a physician's assignment of disability percentage).

Here, the record contains sufficient evidence to create a genuine dispute of material fact as to Plaintiff's claims of lost wages and lost earning capacity. First, Plaintiff provided extensive testimony as to the alleged effect the accident had on her.

3

For example, she testified that she is now unable to walk without assistance;[1] she has restrictions on bending, lifting, and twisting;[2] she claims to suffer from crippling fear, stress, and depression;[3] she claims she can not sit for prolonged periods of time;[4] and she claims to suffer from chronic pain.[5]

In addition to Plaintiff's own testimony, the record includes a determination by an examiner with the Social Security Administration that she is "disabled," and that "medical improvement [is] not expected . . . ." Exhibit 4 to Response at 9, 13, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-4. Based on Plaintiff's medical records, the report noted:

> [Claimant] has multilevel inoperable spondyloses with discopathies including facet and ligamentum flavum hypertrophies. She is unable to bend, lift, or twist. Cannot sit or stand for more than thirty minutes without significant low back or hip pain. Very slow on stairs. Has significant impairment in the ability to ambulate effectively. Maintains forward flexed gait with inability to stand without difficulty. She also has severely impaired ability to sleep soundly, markedly contributing to her debility.

*Id.* at 5. Plaintiff's psychiatric analysis included the following notes: "[T]he preponderance of the evidence suggests that the [claimant's] pain and physical problems are the primary limiting factor. However, she appears to have secondary

---

[1] Exhibit 8 to Response at 125-28, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 109-8.

[2] *Id.* at 113, 131.

[3] *Id.* at 125-28.

[4] *Id.* at 138.

[5] *Id.* at 139.

4

depressive and anxious features associated with adjustment issues to her pain and physical limitations." *Id.* at 6. The examiner also noted that she "appears to have moderate limitations in the ability to carry out detailed instructions, sustain attention and concentration, and to perform at a persistent pace due to her mood features." *Id.* at 8.

Finally, Mrs. Walker's medical records contain evidence of her medical problems. *See* Exhibit 4 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 111-4; Exhibit C to Motion to Strike, *Walker v. Target Corp.*, 2:16-CV-42-KS-MTP (S.D. Miss. May1, 2017), ECF No. 100. Among other things, she has had multiple herniated discs in her back, chronic pain syndrome, and a torn rotator cuff.

Taken together, all of this evidence is sufficient to create a genuine dispute of material fact as to whether Mrs. Walker is disabled or has lost wage-earning capacity. The Court denies Defendant's motion for summary judgment as to Mrs. Walker's claim for lost wages and lost earning capacity.

### B.     *Medical Expenses – Spinal Cord Stimulator and RF Ablation*

Next, Defendant argues that Plaintiffs have no evidence to support their claim that certain past and future medical expenses were caused by the subject slip-and-fall. Specifically, they contend that Plaintiffs have presented no evidence to support a demand for past and future medical expenses for the implantation and/or replacement of a spinal cord stimulator or a radiofrequency ablation procedure.

First, Plaintiffs argue that their summary of Dr. David Lee's expected expert

5

testimony creates a genuine dispute of material fact on this issue. *See* Exhibit 3 to Response at 7-8, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 111-3. The Court previously ruled that although David Lee may testify as an expert, he may only offer fact or opinion testimony that is contained within the medical records from his treatment of Mrs. Walker that were produced to Defendant. *See* Memorandum Opinion and Order at 6-7, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. July 6, 2017), ECF No. 152. Therefore, regardless of what Plaintiffs' summary provides, if the expected testimony is not in the medical records, it will not be admitted at trial or considered on summary judgment. *See Lee v. Offshore Logistical & Transp., LLC*, No. 16-31049, 2017 U.S. App. LEXIS 10387, at *3 (5th Cir. June 9, 2017); *see also* FED. R. CIV. P. 37(c)(1).

Next, Plaintiff contends that Lee's "medical records are replete with statements relating to causation," but she failed to direct the Court to any specific statement or record therein.[6] "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Therefore, if a party opposing summary judgment does not pinpoint the specific evidence in support of their opposition, "that evidence is not properly before the district court." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 (5th Cir. 1992)).

---

[6]*See* Exhibit 4 to Response to Motion for Partial Summary Judgment, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 111-4.

Finally, Plaintiff argues that the affidavits of David Lee[7] and Lacy Sapp[8] create a genuine dispute of material fact on this issue. In a previous order, the Court excluded Lee's affidavit from both trial and the Court's consideration on summary judgment pursuant to Rule 37. *See* Memorandum Opinion and Order [152], at 6-7. Therefore, the Court will not consider it in addressing the current motion.

As for Sapp's affidavit, Defendant argues that it should be excluded pursuant to Rule 37. Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). The report must contain the following:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)  the facts or date considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)   a list of all other cases in which, during the previous 4 years, the

---

[7] *See* Exhibit 4 to Response to Motion to Exclude Opinions of Medical Experts, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 107-4.

[8] Exhibit 1 to Response to Motion for Partial Summary Judgment, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 111-1.

7

> witness testified as an expert at trial or deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).[9] Local Rule 26 provides that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club*, 73 F.3d at 57 n. 42 (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's

---

[9]The Advisory Committee's Notes to Rule 26 of the Federal Rules of Civil Procedure provide that expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." FED. R. CIV. P. 26 advisory committee's note; *see also Sierra Club*, 73 F.3d at 571. "These Notes also explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club*, 73 F.3d at 571.

8

pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added).

In summary, Plaintiff's expert designations were due on or before January 13, 2017. *See* Amended Case Management Order*, Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Dec. 22, 2016), ECF No. 54. Any supplements to the designations or expert reports were due on or before the discovery deadline of March 15, 2017,[10] unless they were otherwise made known to the Defendants during discovery. FED. R. CIV. P. 26(e)(1)-(2); L.U.Civ.R. 26(a)(5). Plaintiff first disclosed Sapp's affidavit on May 18, 2017 – two months *after* the discovery deadline. Therefore, regardless of whether the affidavit constitutes a true supplement or entirely new opinions previously undisclosed,[11] it was untimely.

---

[10]The discovery deadline was extended *only* for the purpose of permitting Defendant to depose Sapp and another expert. *See* Order, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Mar. 9, 2017), ECF No. 66.

[11]*See, e.g. Harmon v. Ga. Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (explaining difference between supplement and new opinions previously undisclosed); *Elliot v. Amadas Indus.*, 796 F. Supp. 2d 796, 802-03 (S.D. Miss. 2011); *Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2015 U.S. Dist. LEXIS 4918, at *4-*6 (S.D. Miss. Jan. 5, 2015).

9

Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1)  the importance of the witnesses' testimony;

(2)  the prejudice to the opposing party of allowing the witnesses to testify;

(3)  the possibility of curing such prejudice by a continuance; and

(4)  the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *see also Reliance Ins. Co.*, 110 F.3d at 257 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The Court will assume for the purpose of addressing the current motion that the affidavit and Sapp's testimony contained therein are important. Plaintiff has provided no explanation whatsoever for failing to disclose the information in the affidavit in a timely manner. It would prejudice Defendant to admit such testimony or consider it when addressing the parties' motions insofar as Defendant had no opportunity to depose Sapp after receiving notice of the proposed expert testimony therein. Moreover, Defendant had no opportunity to obtain and disclose any counter-testimony from its own experts. There is no time to cure the prejudice because the pretrial conference is

in two weeks. Therefore, the Court finds that the affidavit of Lacy Sapp must be excluded from both trial and the Court's consideration on summary judgment. Moreover, Sapp may not provide any testimony – whether fact or opinion – contained in the affidavit at trial, unless it was previously disclosed in her reports[12] or deposition.[13]

Plaintiffs have not directed the Court to any other evidence in the record which creates a genuine dispute of material fact as to their claim that Mrs. Walker's past and future medical expenses for a spinal cord stimulator and radiofrequency ablation were caused by the subject slip-and-fall. Accordingly, Plaintiffs failed to meet their burden of "demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial" on this issue. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [85]. Specifically, the Court denies the motion as to Plaintiffs' claim of lost wages and wage-earning capacity, but the Court grants the motion as to Plaintiff's claim of past and future medical expenses for a spinal cord stimulator and radiofrequency ablation.

---

[12]*See* Exhibit 1 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-1; Exhibhit 2 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-2.

[13]*See, e.g.* Exhibits A-E to Motion to Strike, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF Nos. 81-1, 81-2, 81-3, 81-4, 81-5.

SO ORDERED AND ADJUDGED, on this, the ___7th___ day of July, 2017.


                    ___s/Keith Starrett_____
                    UNITED STATES DISTRICT JUDGE