# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                                **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants in part, denies in part, and defers ruling in part** on Defendant's Motion to Strike [81] certain opinions of Plaintiffs' proposed experts, Lacy Sapp and George Carter. Specifically:

- The Court grants the motion as to Sapp's untimely affidavit [108-5] for the same reasons provided in a previous opinion. The affidavit is excluded from both trial and the Court's consideration when addressing the parties' dispositive motions. Any fact or opinion testimony contained therein is excluded from trial, unless it was previously disclosed in Sapp's reports or deposition.

- The Court grants the motion as to any opinions from Sapp regarding Plaintiff's wage-earning or vocational capacity.

- The Court grants the motion as to any opinions from Sapp regarding the cost to replace a spinal cord stimulator.

- The Court grants the motion as to any entries in Sapp's life care plan related to a spinal cord stimulator or radiofrequency ablation. To the extent Defendant seeks exclusion of any other entries in the life care plan, the Court defers ruling until trial when the parties can address the issue with greater specificity.

- The Court denies the motion as to the testimony of George Carter.

### A. *Sapp's Affidavit [108-5]*

Defendant argues that the Court should exclude the affidavit[1] of Lacy Sapp, Plaintiffs' life care expert, because it was not timely disclosed. The Court already addressed this issue in a previous order. *See* Memorandum Opinion and Order at 7-11, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. July 7, 2017), ECF No. 154. Sapp's affidavit is excluded from both trial and the Court's consideration when addressing the parties' motions. Sapp may not provide any testimony – whether fact or opinion – contained in the affidavit at trial, unless it was previously disclosed in her reports[2] or deposition.[3]

### B. *Wage-Earning Capacity / Vocational Assessment*

Next, Defendant argues that the Court should exclude any opinions from Sapp regarding Mrs. Walker's wage-earning capacity and/or vocational assessment. Among other things, Defendant argued that Plaintiffs failed to properly disclose Sapp's opinions on these topics. The Court agrees.

Plaintiffs' initial designation[4] and supplemental designation[5] only provided that

---

[1] *See* Exhibit 5 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-5.

[2] *See* Exhibit 1 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-1; Exhibhit 2 to Response, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 18, 2017), ECF No. 108-2.

[3] *See, e.g.* Exhibits A-E to Motion to Strike, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF Nos. 81-1, 81-2, 81-3, 81-4, 81-5.

[4] Plaintiffs' counsel apparently intended for correspondence to opposing counsel sent on October 11, 2016, to function as an initial designation of expert

2

Stokes and Associates – the firm which employs Sapp – had "been retained to provide a life care plan." Sapp's initial life care plan includes the following paragraph:

> Dr. Walker reported that in June and July of 2014, she took off work under the Family Medical Leave Act due to her mother having health issues. Dr. Walker indicated that she intended to return to work following her family medical leave, but was unable to do so due to her injuries. Her position was eventually terminated in December of 2014, as she was not able to return to work post injury. She has not returned to work in any capacity since her injury and is experiencing a complete loss of expected earnings and earning capacity as a result.

Exhibit 1 [108-1], at 5. It also includes a brief section addressing "vocational test results." *Id.* at 7.

Despite these matters being referred to in the life care plan, Sapp specifically testified that she had not performed any vocational assessment to determine Mrs. Walker's alleged loss of wage-earning capacity, and that she had not produced any opinion with regard to Mrs. Walker's vocational capacity or any matters besides future medical costs. Exhibit B to Motion to Strike at 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 81-2; Exhibit C to Motion to Strike at 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 81-3. Moreover, Sapp represented in her report that she had been retained "for the purpose of conducting a medical cost analysis," Exhibit 1 [108-1], at 1, and she

---

witnesses. *See* Exhibit A to Motion to Strike, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 90-1.

[5]Plaintiffs' counsel apparently intended for Plaintiffs' supplemental answers to Defendant's interrogatories to function as a supplement to Plaintiffs' designations. *See* Exhibit B to Motion to Strike, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 90-2.

reiterated during her deposition that she "was asked to do an assessment of Dr. Walker's future medical needs." Exhibit A to Motion to Strike at 2, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. Apr. 20, 2017), ECF No. 81-1.

Vocational assessments and wage-earning capacity have nothing to do with future medical needs, and they are not typical elements of a life care plan. Plaintiffs' designations only disclosed that Sapp would provide a life care plan, and Sapp expressly disclaimed having formed any opinions on topics outside of future medical costs. In fact, she admitted that she performed no vocational assessments or produced any opinions with regard to wage-earning or vocational capacity. Accordingly, the Court finds that Plaintiffs failed to provide sufficient notice that Sapp intended to express opinions regarding Mrs. Walker's wage-earning capacity and vocational capacity, despite such matters being briefly referred to in the life-care plan. The Court excludes those portions of the life care plan referring to vocational capacity and wage-earning capacity, and Sapp may not express any opinion on these topics at trial.

## C. *Spinal Cord Stimulator Replacement*

Defendant argues that Sapp's opinion as to the cost to replace a spinal cord stimulator is unreliable and should be excluded. The Court granted Defendant's motion for partial summary judgment as to whether the subject slip-and-fall caused Mrs. Walker to require a spinal cord stimulator. *See* Memorandum Opinion and Order [154], at 11. Therefore, any evidence regarding the cost to replace a spinal cord stimulator is irrelevant to the issues for trial, and the Court grants this aspect of Defendant's motion.

## D. Future Medical Costs

Sapp included certain future medical costs in the Life Care Plan which were derived from questionnaires filled out by Mrs. Walker's treating physicians. In a previous order, the Court excluded the questionnaires from Todd Stitzman, Jennifer Stewart, and Stephen Lambert because Plaintiffs failed to produce them in a timely manner. *See Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 104182, at \*11-\*13 (S.D. Miss. July 6, 2017). Defendant argues that each entry in the life care plan derived from Lambert's questionnaire should be excluded from trial because Plaintiffs failed to produce the questionnaire in a timely manner. Defendant also argues that there is insufficient evidence to support the inclusion of certain elements of the life care plan, including costs related to the spinal cord stimulator and radiofrequency ablation.

An expert's opinion may be admitted at trial even though the data or information upon which the expert relied has been excluded. *Cf.* FED. R. EVID. 703 (expert allowed to rely on inadmissible data if of the sort reasonably relied upon in her field); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). Moreover, the Court should "defer to the expert's opinion of what data they find reasonably reliable." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1432 (5th Cir. 1989). Therefore, Sapp's opinions derived from Lambert's questionnaire may be admissible even if the questionnaire itself is not due to Plaintiffs' failure to timely disclose it.

However, while "[a] medical degree is not a prerequisite for expert testimony

relating to medicine," a proposed expert must have some expertise "in a field of research ancillary to the fields of medicine," such as alternative medicine or the biological sciences before providing expert medical testimony. *Carlson v. Bioremedi Therapeutic Sys.*, 822 F.3d 194, 200 (5th Cir. 2016). Moreover, the expert's ancillary expertise must align with her proposed testimony. *Id.* Absent other relevant and specialized training, knowledge, or experience, a life-care planner is generally not qualified to provide medical opinions, such as whether a plaintiff will need certain medical treatments and/or services in the future. *See Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128003, at *3-*6 (S.D. Miss. Sept. 20, 2016). Accordingly, the inclusion of future medical treatments and/or services in a life care plan must be supported by the opinion of a qualified medical expert. *Id.* at *5.

The Court has already granted summary judgment as to whether the subject slip-and-fall caused Mrs. Walker to require a spinal cord stimulator and/or radiofrequency ablation. *See* Memorandum Opinion and Order [154], at 11. Therefore, the Court grants Defendant's motion to the extent it seeks exclusion of those treatments/services from Sapp's life care plan.

However, the Court can not assess the admissibility of the remaining entries in the abstract, without specific reference to the medical opinions upon which Sapp relied. The questionnaires are not in the record, and the Court would also benefit from directly questioning Sapp about the basis for her inclusion of any disputed entries in the life care plan. Therefore, to the extent Defendant seeks the exclusion of any other

6

entries in the life care plan, the Court defers ruling until trial, when the parties can address the issue with greater specificity.

## E. *Carter's Economic Analysis*

Defendant argues that the Court must exclude the opinions of George Carter because they are based on the faulty assumption that Mrs. Walker is permanently disabled and, therefore, unreliable. Defendant repeated the same arguments advanced in its Motion for Partial Summary Judgment [85] as to damages.

The Court denied Defendant's motion with respect to Mrs. Walker's alleged lost wages and earning capacity. *See* Memorandum Opinion and Order [154], at 5. The Court specifically found that Plaintiffs had presented sufficient evidence to create a genuine dispute of material fact as to whether Mrs. Walker is disabled or has lost wage-earning capacity. *Id.* at 3-5. Therefore, the degree of Mrs. Walker's alleged incapacity is a question for the jury, and Carter's testimony would aid them in rendering a verdict in the event they found any loss of wage-earning capacity. Defendant, of course, disagrees with the assumption underlying Carter's testimony – that Mrs. Walker is permanently and totally disabled. But "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The Court denies Defendant's motion to exclude Carter's testimony.

SO ORDERED AND ADJUDGED, on this, the 7th day of July, 2017.

/s Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE