IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DR. DEBRA L. WALKER,** *et al.*                                            **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 2:16-CV-42-KS-MTP**

**TARGET CORPORATION**                                                        **DEFENDANT**

### ORDER

In one or more of the numerous opinions already entered in this case, the Court described its background and the legal and factual issues for trial.[1] Both sides filed motions in limine. For the reasons below, the Court **grants in part and denies in part** both Defendant's and Plaintiffs' Motions in Limine [144, 146].

**A.**   *Defendant's Motion in Limine [144]*

   *1.*   *Evidence, Experts, Fact Witnesses Not Previously Disclosed*

Defendant seeks the exclusion of all exhibits, expert testimony, and fact witness testimony that was not disclosed during discovery. The Court denies this aspect of Defendant's motion in limine without prejudice to Defendant's right to raise it again at trial as to specific witnesses or evidence.

---

[1]*See, e.g. Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 104832 (S.D. Miss. July 7, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 105038 (S.D. Miss. July 7, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 104182 (S.D. Miss. July 6, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 102702 (S.D. Miss. July 3, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 95346 (S.D. Miss. June 21, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 91325 (S.D. Miss. June 14, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 90476 (S.D. Miss. June 13, 2017); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 87111 (S.D. Miss. June 7, 2017).

*2. The Existence of a Legal Duty*

Defendant argues that the Court should bar Plaintiffs' counsel from introducing any evidence or making any comment or argument regarding the nature and extent of Defendant's legal duty. Defendant contends that it is the Court's job to provide instructions in the applicable law.

The Court agrees that it is the Court's duty to instruct the jury in the applicable law. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1192 (5th Cir. 1995). The Court will provide such instructions prior to closing arguments, and it typically provides the *venire* with a brief overview of the nature of the case and the issues to be decided during *voir dire*. The Court assumes that the jury follows its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000). That being the case, the parties are free to make arguments within the legal framework established by the Court's rulings and instructions. Therefore, the Court denies this aspect of Defendant's motion in limine without prejudice to Defendant's right to raise it again at trial with more specificity.

*3. "Golden Rule" Arguments*

Defendant seeks the exclusion of all "golden rule" arguments. "A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). Such arguments are improper, and the Court grants Defendant's motion in limine as to this issue. *Id.*; *see also Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).

2

*4. Motions in Limine*

Defendant seeks the exclusion of all evidence, argument, or reference to the parties' motions in limine and the Court's rulings on them. The Court grants this aspect of Defendant's motion as unopposed.

*5. David Lee*

Defendant seeks the exclusion of certain opinions and testimony by Dr. David Lee, including the testimony contained in his affidavit produced on summary judgment. The Court addressed this issue in its order of July 6, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104182 at *7-*8, *14-*16.

*6. Medical Experts/Treating Physicians*

Defendant seeks the exclusion of certain opinion testimony by Plaintiffs' treating physicians. The Court addressed this issue in its order of July 6, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104182 at *3-*11.

*7. Dr. Baylis*

Defendant seeks the exclusion of any expert testimony by Dr. Thomas Baylis and any testimony by Dr. Jeffrey Burns as to treatment provided by Baylis. The Court addressed this issue in its order of July 6, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104182 at *7-*10.

*8. Questionnaire Responses*

Defendant seeks the exclusion of responses to Lacy Sapp's questionnaire from Todd Sitzman, Jennifer Stewart, and Stephen Lambert. The Court addressed this issue in its order of July 6, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104182 at *11-*13.

9. *Dorsal Column Stimulator & RF Ablation*

Defendant seeks the exclusion of all evidence that Mrs. Walker's dorsal column stimulator and radiofrequency ablation treatment are causally related to her slip-and-fall in Target. The Court granted Defendant's Motion for Partial Summary Judgment on these past and future medical expenses. *See Walker*, 2017 U.S. Dist. LEXIS 104832 at *6-*8. Accordingly, any evidence on these treatments is irrelevant to the issues for trial. The Court grants Defendant's motion in limine on this issue.

10. *Target Guidelines*

Defendant seeks the exclusion of any evidence that its internal guidelines prohibit employees from discussing the cause of an accident with an injured customer. Defendant argues that such evidence is irrelevant to any issue for trial and would only serve to create prejudice and confuse the jury. The Court denies this aspect of Defendant's motion in limine. Defendant's guidelines prohibiting its employees from discussing liability and/or causation of accidents with injured customers are relevant to the credibility of Defendant's employees, the incident report that was generated upon Mrs. Walker's accident, and Mrs. Walker's testimony regarding comments made by a Target employee during his investigation of the area where she slipped.

11. *Wage-Earning Capacity*

Defendant seeks the exclusion of opinions by Lacy Sapp and George Carter as to Mrs. Walker's wage-earning capacity. The Court addressed this issue in its opinion of July 7, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 105038, at *3-*5, *9.

12. *Sapp Affidavit*

Defendant seeks the exclusion of an affidavit by Lacy Sapp first produced on summary judgment. The Court addressed this issue in its opinion of July 7, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104832, at *8-*12.

13.  *Future Economic Losses*

Defendant seeks the exclusion of George Carter's expert testimony concerning Plaintiffs alleged future economic losses. The Court addressed this issue in its opinion of July 7, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 105038, at *9.

14.  *Disability Status*

Defendant seeks the exclusion of any testimony that Plaintiff is disabled and unable to work. The Court addressed this issue in its opinion of July 7, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104832, at *2-*6.

15.  *Lost Wages / Wage-Earning Capacity*

Defendant seeks the exclusion of any testimony that Plaintiff has suffered lost wages and/or lost wage-earning capacity. The Court addressed this issue in its opinion of July 7, 2017. *See Walker*, 2017 U.S. Dist. LEXIS 104832, at *2-*6.

16.  *Future Medical Expenses*

Defendant seeks the exclusion of any evidence pertaining to future medical expenses related to a spinal cord stimulator and radiofrequency ablation treatment. The Court granted Defendant's Motion for Partial Summary Judgment on these past and future medical expenses. *See Walker*, 2017 U.S. Dist. LEXIS 104832 at *6-*8. Accordingly, any evidence on these treatments is irrelevant to the issues for trial. The Court grants Defendant's motion in limine on this issue.

*17. Sanctions*

Defendant seeks the exclusion of any argument or evidence concerning the sanctions imposed upon it for failure to comply with its discovery requirements. The Court grants this aspect of Defendant's motion, as such evidence or argument is wholly irrelevant to the issues for trial.

*18. Liability Insurance*

Defendant seeks the exclusion of any evidence or argument related to its liability insurance. The Court grants this aspect of Defendant's motion as unopposed.

*19. Lay Opinions*

Defendant seeks the exclusion of any expert opinion testimony in the guise of lay opinion testimony. The Court denies this aspect of Defendant's motion in limine without prejudice to Defendant's right to raise the issue again at trial with respect to specific testimony. The Court also directs the parties to its general discussion of lay opinions below.

*20. Settlement*

Defendant seeks the exclusion of all evidence and argument related to settlement offers and/or negotiations and offers of judgment. The Court grants this aspect of Defendant's motion as unopposed.

*21. "Conscience of the Community" Arguments*

Defendant argues that the Court should exclude any evidence or argument asking the jury to function as the "conscience of the community" when rendering their verdict. The Court grants this aspect of Defendant's motion as unopposed.

*22. Condensation Issues*

Defendant argues that the Court should exclude any evidence or argument that there was a condensation problem at the Target store in Hattiesburg. Defendant contends that the record contains no evidence of such condensation issues. The Court denies this aspect of Defendant's motion without prejudice to Defendant's right to raise it again at trial with greater specificity.

*23. Punishment or Setting an Example*

Defendant argues that the Court should bar Plaintiffs or their counsel from making any comments or arguments that the jury should punish Defendant or make an example of it. The Court grants this aspect of Defendant's motion in limine as unopposed.

*24. Corporate Profits*

Defendant argues that the Court should bar Plaintiffs or their counsel from referring to corporate profits or from implying that Defendant profits at the expense of others. The Court grants this aspect of Defendant's motion in limine as unopposed.

*25. Rushing's Opinion*

Defendant argues that the Court should exclude all evidence regarding the opinion of its former employee, Michael Rushing, that Mrs. Walker "did not do anything wrong." Defendant did not cite any specific deposition testimony. The Court denies this aspect of Defendant's motion in limine without prejudice to its ability to raise the issue again at trial with more specificity and context.

*26. Video Retention Policy*

Defendant argues that the Court should exclude all evidence and argument concerning its video retention policies, and its failure to retain the full video of the subject incident. Defendant contends it had no legal duty to retain the video until there was a threat of litigation. The Court denies this aspect of Defendant's motion. First, Defendant's employees' failure to follow Defendant's video retention policies is relevant to their credibility – particularly if Defendant intends to offer its own agents' opinions as to the source of the water. Moreover, if Plaintiffs intend to make a spoliation argument, the Court should address it at trial, where the parties can offer full arguments and elicit testimony as necessary.

27. *Nicholas Field*

Defendant argues that the Court should exclude any argument that Nicholas Field failed to cooperate with their investigation of this case and/or that he is biased in favor of Target. The Court grants this aspect of Defendant's motion in limine insofar as it concerns Field's alleged failure to cooperate in discovery. The Court denies it with respect to Field's alleged bias. Field is a former Target employee, and, as such, he is identified with Target. Plaintiffs are free to elicit testimony relevant to his credibility.

28. *Alleged Destruction/Alteration of Records*

Defendant argues that the Court should exclude any evidence or argument concerning the destruction, alteration, spoliation, or falsification of records or other evidence. The Court denies this aspect of Defendant's motion in limine without prejudice to Defendant's right to raise it again at trial with greater specificity.

29. *Requests for Documents, Stipulations*

Defendant argues that the Court should bar Plaintiffs, their counsel, and any witnesses from requesting documents, stipulations, and/or other agreements in the jury's presence. The Court grants this aspect of Defendant's motion as unopposed.

*30. Social Change/Send a Message*

Defendant argues that the Court should exclude all arguments that the jury should use their verdict to enact social change and/or to send a message to other members of the community. The Court grants this aspect of Defendant's motion in limine as unopposed.

### B. *Plaintiffs' Motion in Limine [146]*

*1. Source of Water*

First, Plaintiffs argue that the Court should excluded all "speculation and guesses regarding the source of the water" in which Mrs. Walker slipped. Plaintiffs contend that none of Defendant's witnesses have any personal knowledge as to the source of the water. Of course, if the Court accepts Plaintiffs' argument and excludes *all* lay testimony speculating as to the source of the water, Plaintiffs' opinions regarding the water's source must likewise be excluded.

"[S]peculative opinion testimony by lay witnesses – i.e., testimony not based upon the witness's perception – is generally considered inadmissible." *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993). "Under Rule 701, a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury. In particular, the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have

9

a rational connection to those facts." *Miss. Chem. Co. v. Dresser-Rand Co.*, 287 F.3d 359, 373, (5th Cir. 2002).

Therefore, any lay witness at trial may provide an opinion as to the source of the water as long as the opinion is based upon the witness's personal perceptions, and is a rational inference that a normal person would draw from those perceptions. *Id.* Mrs. Walker has formed an opinion as to the water's source based on her alleged observation of condensation on the metal cart of yogurt. Defendant's employee, Michael Rushing, has formed an opinion as to the water's source based on his alleged observation of a water trail through the store and similar incidents in his work history. If any lay witness intends to provide an opinion as to the water's source, the party introducing such evidence must lay a foundation to satisfy Rule 701's requirements. The Court will address any objections to the admissibility of such lay opinions at trial, after a foundation has been laid. The Court denies this aspect of Plaintiffs' motion without prejudice to their ability to raise it again at trial.

### 2. *Third Parties / Alternative Causes*

Plaintiffs argue that the Court must exclude any argument or evidence that someone or something other than Target caused the water to be on the floor. The Court denies this aspect of Plaintiffs' motion for the same reasons as the previous one.

### 3. *Former Target Employees as Adverse Witnesses*

Plaintiffs argue that they should be permitted to examine former employees of Defendant as "witness[es] identified with an adverse party" under Rule 611(c). *See* Fed. R. Evid. 611(c)(2). Defendant did not respond to this argument, but persuasive

10

authorities provide that witnesses who were employees or agents of a defendant at the time of the alleged tort are identified with a party adverse to the plaintiff. *See, e.g. Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984). The Court grants this aspect of Plaintiffs' motion.

   *4.   Open and Obvious Defense*

Plaintiffs argue that the Court should exclude all argument and evidence related to the "open and obvious" defense because it was not pleaded by Defendant in its Answer. Defendant did not respond to this argument in briefing.

Plaintiffs are correct insofar as the open and obvious defense is an affirmative defense that must be proven by the defendant. *Hankins v. Ford Motor Co.*, No. 3:08-CV-639-CWR-FKB, 2011 U.S. Dist. LEXIS 144814, at *15 (S.D. Miss. Dec. 15, 2011) (citing *Walker v. George Koch Sons, Inc.*, 610 F. Supp. 2d 551, 563 (S.D. Miss. 2009)) However, Plaintiffs filed no motion for summary judgment on this issue, and a "motion in limine is not a substitute for a motion for summary judgment." *Fos v. Wal-Mart Stores East, LP*, No. 3:12-CV-735-LG-JCG, 2015 U.S. Dist. LEXIS 179878, at *7 (S.D. Miss. June 2, 2015); *see also United States v. Dawn Props.*, No. 1:14-CV-224-LG-JCG, 2016 U.S. Dist. LEXIS 172141, at *9 (S.D. Miss. Dec. 13, 2016); *Marlow LLC v. Bellsouth Telcoms., Inc.*, No. 2:10-CV-135-KS-MTP, 2013 U.S. Dist. LEXIS 3446, at *9-*10 (S.D. Miss. Jan. 9, 2016). Therefore, the Court denies Plaintiffs' motion in limine as to this issue.

But to ensure the parties are aware of Mississippi law on this question, the Court notes that the open and obvious defense is only a complete bar to recovery in

cases where the plaintiff claims the defendant "failed to warn of a dangerous condition," despite the otherwise-applicable "true comparative negligence" doctrine. *Vaughn v. Ambrosino*, 883 So. 2d 1167, 1170 (Miss. 2004). In cases where the plaintiff claims the defendant negligently created the dangerous condition, the open and obvious doctrine is not a complete bar to recovery, and true comparative negligence applies. *Id.* at 1170-1171. Defendant specifically pleaded the comparative negligence statute. *See* Answer at 4, *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP (S.D. Miss. May 2, 2016), ECF No. 5 (citing MISS. CODE ANN. § 11-7-15).

5.   *Assumption of Risk*

Plaintiffs argue that the Court should exclude all argument and evidence related to the "assumption of risk" defense because it was not pleaded by Defendant in its Answer. Defendant specifically pleaded assumption of risk as an affirmative defense. *See* Answer [5], at 6. The Court denies this aspect of Plaintiffs' motion in limine.

6.   *Collateral Sources*

Plaintiffs argue that the Court should exclude all argument and evidence related to benefits Plaintiffs has or will receive from collateral sources. Defendant provided no meaningful response to this argument.

"The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor." *Manderson v. Chet Morrison Contrs., Inc.*, 666 F.3d 373, 381 (5th Cir. 2012). The rule can be applied as an evidentiary rule, a substantive rule

12

of damages, or both. *Davis v. Odeco*, 18 F.3d 1237, 1243 (5th Cir. 1994). The collateral source rule does not prevent a defendant from offering evidence of compensation from collateral sources for a purpose other than reducing his own liability, such as impeachment or demonstrating causation. *Ernestine v. Hi-Vac, LLC*, No. 2:15-CV-23-KS-MTP, 2016 U.S. Dist. LEXIS 141290, at *3-*4 (S.D. Miss. Oct. 12, 2016); *Robinson Prop. Group, LP v. Mitchell*, 7 So. 3d 240, 244-45 (Miss. 2009).

The Court presently denies this aspect of Plaintiffs' motion, but Plaintiffs may raise the issue again at trial with respect to specific collateral benefits, payments, or services.

7. *Taxes*

Plaintiffs argue that the Court should exclude all evidence or argument regarding the tax implications of personal injury awards under state and federal law. In diversity cases, state law determines the measure of damages and, therefore, the instructions regarding damages. *Croce v. Bromley Corp.*, 623 F.2d 1084, 1097 (5th Cir. 1980). The Mississippi Supreme Court has affirmed a trial court's refusal to give jury instructions as to the non-taxability of damages. *Blake v. Clein*, 903 So. 2d 710, 730 (Miss. 2005). The Court grants this aspect of Plaintiffs' motion in limine.

8. *Marital History*

Plaintiffs argue that the Court should exclude evidence or argument related to certain past marital difficulties. Plaintiffs contend such evidence would be prejudicial to Mr. Walker's loss of consortium claim, while having no probative value.

"[L]oss of consortium is defined as a loss of the benefits that one spouse is

13

entitled to receive from the other, including companionship, cooperation, aid, affection, and sexual relations." *Chapman v. Kroger Ltd. P'ship*, No. 3:11-CV-688-HTW-LRA, 2012 U.S. Dist. LEXIS 30180, at *3 (S.D. Miss. Mar. 7, 2012). "[T]he spouse seeking compensation for loss of consortium must show that he or she suffered damages arising out of the other's injuries." *Rylee v. Progressive Gulf Ins. Co,*, No. 2015-CA-01572-SCT, 2017 Miss. LEXIS 90, at *8 (Miss. Mar. 9, 2017). Therefore, past marital difficulties are relevant to a loss of consortium claim insofar as a loss of marital benefits that predates the subject injury could not have been caused by the injury. The Court denies this aspect of Plaintiffs' motion in limine.

9.  *MRI*

Plaintiffs argue that the Court should exclude any evidence or argument regarding a disk containing the images from an MRI of her neck. Plaintiffs represent that they took the disk to an appointment with a neurosurgeon and left it with him, but the neurosurgeon apparently claimed that Mrs. Walker took the disk with her after her appointment. The Court reserves ruling on this issue for trial, when it can hear live testimony on the issue and directly question the parties involved.

10. *Rushing Testimony by Deposition*

Plaintiffs argue that they should be permitted to present designated portions of Michael Rushing's deposition testimony at trial pursuant to Rule 32(a)(4). If, at the time of trial, Plaintiffs can meet the general requirements of Rule 32(a)(1) and specific requirements of Rule 32(a)(4), then Rushing's deposition testimony may be presented at trial, subject to any meritorious objections.

*11. Unavailable Witnesses*

Plaintiffs seek the exclusion of any speculation or argument about the testimony of absent, unavailable, or uncalled witnesses. The Court denies this aspect of Plaintiffs' motion without prejudice to Plaintiffs' ability to raise the issue again at trial with more specificity.

*12. Failure to Call a Witness*

Plaintiffs seek the exclusion of any reference to a party's failure to call a witness that was equally available to all parties. The Court denies this aspect of Plaintiffs' motion without prejudice to Plaintiffs' ability to raise the issue again at trial with more specificity.

*13. Motions in Limine*

Plaintiffs seek the exclusion of any reference to the parties' motions in limine or the Court's rulings on them. The Court grants this aspect of Plaintiffs' motion as such matters are wholly irrelevant to the issues for trial.

*14. Retention/Compensation of Attorneys*

Plaintiffs seek the exclusion of any reference to the retention of the parties' attorneys or their compensation. The Court grants this aspect of Plaintiffs' motion as such matters are wholly irrelevant to the issues for trial.

*15. Effects Upon Defendant/Industry*

Plaintiffs seek the exclusion of any reference to the effect of a judgment upon the Defendant or the retail industry. The Court grants this aspect of Plaintiffs' motion as such evidence is wholly irrelevant to the issues for trial.

*16. Publishing to Jury*

Plaintiffs seek an instruction for counsel to provide opposing counsel an opportunity to inspect all evidence before publishing it to the jury. The Court expects all counsel to refrain from publishing and/or describing any evidence to the jury that has not been admitted.

*17. The Rule*

Plaintiffs argue that the Court should exclude all witnesses, including experts, from the courtroom until they are called to testify, except for parties and party representatives. "The Rule" is codified as Federal Rule of Evidence 615:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

FED. R. EVID. 615. Expert witnesses "clearly fall within" the exception of Rule 615(c). *Plythane Sys. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993).

Therefore, the Court denies this aspect of Plaintiffs' motion to the extent Plaintiffs seeks the sequestration of expert witnesses. Otherwise, the Court grants it.

*18. Settlement Negotiations*

Plaintiffs seek the exclusion of all reference to settlement negotiations in this

matter. The Court grants this aspect of Plaintiffs' motion as such matters are wholly irrelevant to the issues for trial.

SO ORDERED AND ADJUDGED, on this, the __12th__ day of July, 2017.

> __s/Keith Starrett__
> UNITED STATES DISTRICT JUDGE